PATRICK T. MAGUIRE *vs.* JOHN L. SPAULDING, JR., & others.

Suffolk. January 16, 1907. — March 1, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Equity Jurisdiction,* Creditor's bill. *Mechanic's Lien. Equity Pleading and Practice,* Costs, Counsel fees.

In a suit in equity by a judgment creditor under the general equity jurisdiction of the court to have his claim satisfied out of the surplus realized from a foreclosure sale of mortgaged real estate of the debtor after satisfaction of the mortgage, in which the holders of mechanics' liens upon the real estate had intervened as claimants, it appeared that the surplus was created by the diligence of the plaintiff in attending the foreclosure sale and preventing a sale of the property for the amount of the mortgage debt, that the mechanics' liens held by the claimants were founded on contracts made before the plaintiff's attachment in the action in which his judgment was obtained but after the making of the mortgage, that under the petitions of the claimants to enforce their mechanics' liens the amounts respectively due to them had been determined, but that no decrees had been made ordering the sale of the property, because it had been sold under the mortgage. It also appeared that the total amount of the mechanics' liens exceeded the amount of the surplus. *Held,* that the holders of the mechanics' liens had not lost their rights by failing to obtain a useless order of sale, and that the plaintiff could obtain no benefit from his diligence which had created the surplus for the benefit of the holders of the liens, although the court in its discretion properly could award him costs and counsel fees out of the fund.

BILL IN EQUITY, filed in the Superior Court on January 18, 1906, by Patrick T. Maguire, a judgment creditor of Arthur Shay and John R. Murphy, copartners doing business under the name of Arthur Shay and Company, to compel John L.

Spaulding, the junior of that name, the assignee of a mortgage upon certain real estate on Lauriat Avenue in that part of Boston called Dorchester belonging, subject to such mortgage, to Shay or Murphy, to apply to the payment of the plaintiff's judgment any surplus from the foreclosure sale of the mortgaged real estate remaining in his hands after the satisfaction of the mortgage.

A number of persons and corporations, holding the mechanics' liens referred to in the opinion, filed intervening petitions and were admitted as parties to the suit.

After the intervening petitions had been filed, there was a hearing upon them before *Fox*, J., who filed a memorandum, in which he said that if the petitioners had perfected their lien proceedings by final decree, it was clear that, under the authority of *Knowles* v. *Sullivan*, 182 Mass. 318, they would have established an interest in the surplus, and that, in his opinion, they should be permitted to intervene and be given a reasonable opportunity to perfect their liens. He said further that what the future course of proceedings should be need not then be considered, and that it might be that the lien suits should be allowed to proceed to a termination, and that then the priorities of the lienors and the attaching creditor, the plaintiff, should be determined in this suit; the fund being meanwhile under the protection of the court.

The case then was referred to Lewis G. Farmer, Esquire, as master to hear the parties and their evidence and report his findings to the Superior Court.

It appeared that the plaintiff, by his diligence in attending the foreclosure sale and preventing a sale of the property for the amount of the mortgage debt, created the surplus out of which he claimed the right to have his judgment paid. The master's report contained the following conclusion:

"The plaintiff says further that while in the ordinary case of a creditor's bill the lien attaches at the time when the bill is filed, the lien in this case dates back to November 6, [1905,] the date of the attachment. Granting this to be so, it is nevertheless true that the lien which was then acquired upon the land was subject to all prior conveyances or incumbrances. A judgment creditor upon filing a creditor's bill for his sole benefit establishes, it is true, a prior lien in his own favor, but only as

against parties who do not have liens prior to his own, and as the plaintiff has conceded, and it has been found in the lien suits, that the petitioners, with the exception of Foti, are entitled to have and maintain their liens, the same having related back to the date when the contracts under which the liens were claimed were made, which was long prior to that of the attachment, [although after the making of the mortgage,] I think it must be found that they are entitled to payment out of the surplus unless the plaintiff has a superior claim thereto by reason of his diligence in creating it. While he might have such a claim as against other judgment creditors, I do not think he is entitled to it as against the lien petitioners. The fund is not sufficient to permit of payment to the lienors in full, but I find that they should share in. it *pro rata*, all of them having contributed to create the value of the property; I think also that the plaintiff should be allowed his costs and a reasonable attorney's fee to be deducted from the fund before the distribution is made."

The Superior Court overruled the exceptions to the master's report, and made a final decree in accordance with the recommendations of the master. The plaintiff appealed.

*C. S. Tilden*, for the plaintiff.

*C. T. Cottrell*, for the Standard Plate Glass Company, and *H. M. Whiting*, for Hazen B. Chapman and W. Bowman Cutter, intervening petitioners, were not called upon.

No counsel appeared for the defendants.

MORTON, J. The question is whether the plaintiff or the lienors are entitled to the surplus in the hands of the mortgagee. It is conceded by the plaintiff that the liens when filed took effect as of a date prior to his attachment. Petitions were brought to enforce the liens, but, although the amounts due were determined, they never were prosecuted to final judgment, — the reason being that the property had been sold under foreclosure proceedings, — and the plaintiff contends that the lienors have no rights in and to the fund, and that, it having been secured by his superior diligence, he is entitled to a preferred payment.

It is plain, as was said in the memorandum filed by the judge before whom the hearing upon the intervening petitions was had in the Superior Court, that, if the petitioners had perfected their liens by a final decree, then under the authority of *Knowles*

v. *Sullivan*, 182 Mass. 318, they would have established an interest in the surplus. In other words the fact that the property was sold would not have deprived the petitioners of a remedy, but their liens would have attached to the surplus in the hands of the mortgagee. See also *Wiggin* v. *Heywood*, 118 Mass. 514; *Western Union Telegraph Co.* v. *Caldwell*, 141 Mass. 489. We do not think that the attachment of the liens to the surplus was defeated or lost because the proceedings to enforce the liens were not pursued to a final decree. The amounts due were determined, but it would have been useless to enter final judgments ordering a sale of the property. We assume, as the plaintiff contends, that the bill is brought under the general equity powers of the court and not under R. L. c. 159, § 3, cl. 7, and that generally speaking in order to maintain such a bill it must appear that the claim has gone to judgment and execution (*Carver* v. *Peck*, 131 Mass. 291); but the rule is not an absolute one, and does not apply where a judgment and execution would be of no practical utility. *Case* v. *Beauregard*, 101 U. S. 688. Manifestly in the present case an order of sale would have accomplished nothing and would have been a useless formality. It would be absurd to hold that the lienors lost the benefit of the rights which equity had transferred to the surplus in the mortgagee's hands because they did not obtain an order of sale. The most that the plaintiff could insist upon was that the amounts due should be determined in the proceedings to enforce the liens and that was done. If the surplus had been unencumbered by any liens in favor of the intervening creditors, there would be strong ground for holding that the plaintiff was entitled to a preference by reason of his superior diligence. *Freedman's Savings & Trust Co.* v. *Earle*, 110 U. S. 710. *Edmeston* v. *Lyde*, 1 Paige, 637, 640. *Gordon* v. *Lowell*, 21 Maine, 251, 257. But we know of no principle of law or equity by which the liens can be divested in his favor, or by which it can be held that they did not attach because the surplus was created by his activity. It was within the power of the court to award him costs and counsel fees out of the fund, if it saw fit, and it has done so. But that is as far as it could go. The result is that the decree must be affirmed.

*So ordered.*