WILLIAM M. STOCKBRIDGE *vs.* J. FRANK MIXER & others.

Suffolk. March 20, 1913. — June 18, 1913.*

Present: RUGG, C. J., MORTON, LORING, SHELDON, & DE COURCY, JJ.

*Equity Jurisdiction,* To reach and apply equitable assets. *Constitutional Law,* Right to trial by jury. *Equity Pleading and Practice,* Claim of jury. *Rules of Court. Jury.*

A suit in equity under R. L. c. 159, § 3, cl. 7, to reach and apply equitable assets to the payment of a debt alleged to be due to the plaintiff, which has not been reduced to a judgment, combines in substance a proceeding at law to establish the debt with a separate proceeding in equity for the collection of the debt when established, and upon the issue of the existence of the debt the defendant has a constitutional right to a trial by jury.

In a suit in equity under R. L. c. 159, § 3, cl. 7, to reach and apply equitable assets to the payment of a debt alleged to be due to the plaintiff, which has not been reduced to a judgment, the time for claiming a trial by jury upon the issue of the existence of the debt is governed by Superior Court Equity Rule 36, which requires that "the application shall be filed within ten days after the parties are

* This case is printed out of its order by reason of a temporary withdrawal of the opinion.

at issue" unless otherwise ordered by the court; and, where the plaintiff files a replication, the parties are not at issue within the meaning of the rule until such replication is filed.

BILL IN EQUITY, filed in the Superior Court on December 9, 1909, and amended on January 26, 1911, by an attorney at law under R. L. c. 159, § 3, cl. 7, to reach and apply, to the payment of a debt for professional services alleged to be due to the plaintiff from the two first named defendants, the interest of those defendants in certain property which could not be attached or taken on execution in an action at law.

The dates of filing of the answers to the amended bill, of the plaintiff's replication and of the motion of the two first named defendants that they might be allowed a trial by jury are stated in the opinion. The case was referred to a master. After the filing of the master's report, the case was heard by *Pierce*, J., on a motion of the two first named defendants to set aside the master's report, discharge the order of reference and frame issues for a jury. The judge ruled that this motion must be granted as a matter of law; that the defendants had a constitutional right to a jury trial and had not lost or waived it; and, being of opinion that this ruling so affected the merits of the controversy that the matter ought, before further proceedings, to be determined by this court, at the request of the plaintiff reported the case for that purpose, including the docket entries but excluding the master's report, the objections and exceptions thereto and a motion to recommit.

Superior Court Equity Rule 36, referred to in the opinion, is as follows: "Whenever it is necessary or proper to have any fact tried and determined by a jury, the court will direct an issue for that purpose, to be framed by the parties, containing a distinct affirmation and denial of the points in question, or in such form as the court shall order; and the issue thus framed and joined shall be submitted to a jury, and be tried upon the like evidence as in an action at law, together with such part of the answers, depositions, and other proceedings in the cause as the court shall direct. When issues are desired in a suit in equity, the application shall be filed within ten days after the parties are at issue; but in either case the court may extend or restrict the time."

*J. J. Higgins*, (*A. A. Gleason* with him,) for the defendants J. Frank and William A. Mixer.

*G. W. Anderson*, (*W. M. Stockbridge* with him,) for the plaintiff.

RUGG, C. J. This is a suit in equity under R. L. c. 159, § 3, cl. 7. The plaintiff alleges a debt due to him from two of the defendants for services rendered, which has not been reduced to a judgment. He seeks to reach and apply in payment of this debt an interest owing to the principal defendants from the third defendant, which cannot be attached or seized in an action at law.

The first question is whether the defendant debtors are entitled as matter of right to a trial by jury. The nature and history of the relief afforded by clause 7 is set out at length in *Pettibone* v. *Toledo, Cincinnati, & St. Louis Railroad*, 148 Mass. 411. It there was held that the purpose of the statute was not to create a jurisdiction over "a 'creditor's bill,' in the sense in which those words are used in the practice of courts of chancery." Speaking generally, such a bill (except where the estate of a deceased person was involved) could be brought only by a creditor who had secured a judgment at law and who was unable to obtain satisfaction of it, and must be instituted not only for himself but for all other creditors who might come in and be parties to the suit. Jurisdiction to entertain a bill, like that provided by clause 7, does not fall under any general head of equity jurisprudence. Hence it was not affected by the later statute conferring full equity jurisdiction. *Barry* v. *Abbot*, 100 Mass. 396. *Tucker* v. *McDonald*, 105 Mass. 423. The proceeding has been said to be "in the nature of an equitable trustee process, as distinguished from a creditors' bill." *Phœnix Ins. Co.* v. *Abbott*, 127 Mass. 558. The distinction between the special relief afforded by this clause of the statute and that arising under general equity jurisprudence has been referred to many times. *Carver* v. *Peck*, 131 Mass. 291. *Maguire* v. *Spaulding*, 194 Mass. 601, 604. *Chapman* v. *Banker & Tradesman Publishing Co.* 128 Mass. 478. *Geer* v. *Horton*, 159 Mass. 259. *Wilson* v. *Martin-Wilson Automatic Fire Alarm Co.* 151 Mass. 515, 517. *Weil* v. *Raymond*, 142 Mass. 206, 213. In other cases the remedy established by this statute has been said to be "not in itself a subject of equitable jurisdiction," *Hoshor-Platt Co.* v. *Miller*, 190 Mass. 285, 286, nor like "a creditors' bill under general equity practice," *Snyder* v. *Smith*, 185 Mass. 58, 62.

This clause of the statute combines in a single proceeding two different matters or steps in procedure, one at law and the other in equity. The first is the establishment of an indebtedness on the part of the principal defendant to the plaintiff. The second is the process for collecting the debt, when established, out of property rights which cannot be reached on an execution. In essence the first is an action at common law and the second a well recognized head of relief in chancery. Under the circumstances disclosed in the case at bar the plaintiff's initial claim for services rendered by him to two of the defendants presents purely an action at common law. If the plaintiff fails in this respect his bill must be dismissed. If, however, he establishes the indebtedness, then he will be in position to take advantage of the second part of the statute, which relates solely to relief and which is equitable in its nature. The case falls midway between a creditor's bill as known in chancery and the relief afforded by R. L. c. 159, § 3, cl. 8, which as pointed out in *Powers* v. *Raymond,* 137 Mass. 483, combines in one suit in equity two essentially legal proceedings. As was demonstrated by the illuminating opinion in *Parker* v. *Simpson,* 180 Mass. 334, the Constitution preserves the right of trial by jury as it was understood and practised at common law, and therefore there is no constitutional right to such a trial respecting matters cognizable under the general principles of chancery. Nor does it exist as to rights gratuitously created by the Legislature. *Sawyer* v. *Commonwealth,* 182 Mass. 245. Where the right to trial by jury has the protection of the Constitution because connected with an action at common law, a party cannot be deprived of that right because a change in the form of procedure has made it cognizable in courts of equity. *Powers* v. *Raymond,* 137 Mass. 483. *Merchants' National Bank* v. *Moulton,* 143 Mass. 543. *Ginn* v. *Almy,* 212 Mass. 486, 495. It follows that in the case at bar the defendants are entitled to trial by jury respecting the debt alleged to be due from them to the plaintiff. They are not entitled to a trial by jury respecting the other branches of the case which relate to remedy and which are purely equitable in their nature.

It remains to inquire whether the defendants have waived that right. The facts are that the answer was filed on February 3, 1910. A motion for trial by jury was filed on October 28, 1910.

An amendment to the bill was filed on January 26, 1911, and answer to the bill as amended on February 14, 1911. A replication was filed on February 20 and the claim for jury on February 28 of the same year. The parties were not at issue as those words are used in equity practice until the replication was filed. The claim for a jury trial was filed within the time allowed therefor under Superior Court Equity Rule 36. In a proceeding like the present, which rightly is brought under the statute on the equity side of the court, but which combines the establishment of a right at common law with relief afforded in equity, we think it more convenient and less confusing to hold that the procedure for asserting the right to trial by jury should follow the rules established in equity rather than at common law. This is not one of the cases where the formal replication was not filed and it is not necessary to determine within what time the right to a jury must be asserted in order to be preserved in such a case. See *Stratton* v. *Hernon*, 154 Mass. 310.

An issue for a jury is to be framed in accordance with this opinion. So much of the master's report as does not deal with this issue may stand. Whether the portion of it which deals with this issue should be treated as an auditor's report can be determined only on motion therefor made in the Superior Court.

*So ordered.*