# DECISIONS

OF THE

# SUPREME JUDICIAL COURT

OF

# MASSACHUSETTS

---

HARRY K. MOSELEY vs. GEORGE O. MOSELEY & others.

Hampden. September 22, 1921. — October 13, 1921.

Present: RUGG, C.J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Probate Court*, Jurisdiction. *Equity Jurisdiction*, Of Probate Court, To reach share of cotenant on partition of real estate.

A judgment creditor of one who was a tenant in common of certain real estate cannot maintain in the Probate Court under G. L. c. 241, §§ 28, 19, a petition in equity against a commissioner, who was appointed to make partition of the real estate among the tenants in common and who has sold the land for such a sum that the share of the judgment debtor in the proceeds is larger than the judgment debt, to enforce the judgment against the share of the judgment debtor held by the commissioner, if it appears that, although, in the action in which the judgment was procured, an attachment of the debtor's interest in the land was made before the partition proceedings were begun, no proper proceedings to enforce the judgment were taken within thirty days after the judgment was entered.

The Probate Court has no jurisdiction in equity under G. L. c. 214, § 3, cl. 7.

An interest in a fund, derived from a sale of real estate upon a petition for partition, which is in the hands of a commissioner appointed in such proceedings, cannot be reached and applied by a suit in equity under G. L. c. 214, § 3, cl. 7, to the payment of a debt due from one of the tenants in common of the real estate so sold, as that statute does not extend to a fund in the custody of the law.

PETITION, filed in the Probate Court for the county of Hampden on March 22, 1921, by Harry K. Moseley against George O.

Moseley, Robert C. Parker and the Hampden National Bank, seeking that a fund, held by the respondent Parker, a commissioner appointed to make partition of certain real estate, as a share of the proceeds, belonging to the respondent George O. Moseley, of a sale of the real estate, be applied to the satisfaction of a judgment obtained by the petitioner in an action in which, before partition, an attachment was made of the interest of the respondent George O. Moseley in the real estate in question.

Answers were filed by the respondent George O. Moseley and the Hampden National Bank. The respondent Parker demurred on the ground "that the petitioner has not stated in his bill such a cause as entitles him to any relief in equity" against him.

The demurrer was heard by *Long,* J., and by his order a decree was entered sustaining the demurrer and dismissing the petition. The petitioner appealed.

The case was submitted on briefs.

*J. L. Gray & R. T. King,* for the petitioner.

*F. A. Ballou,* for the respondent Parker.

*C. E. Bell,* for the respondent George O. Moseley.

CARROLL, J. This is a petition in the Probate Court for Hampden County, dated March 21, 1921, wherein the petitioner prays that Robert C. Parker, a commissioner appointed to make partition of certain real estate by sale, be ordered to pay the petitioner the amount of an execution and the interest thereon out of the funds in his hands belonging to the respondent, George O. Moseley. The petition alleges that on December 15, 1920, Parker was appointed commissioner to make partition of certain real estate among tenants in common "whose names are all the parties to this bill in equity;" that the estate was sold on January 12, 1921, for $5,450, and that this money was paid to Parker; that the sum of $2,725 represents the share of the respondent, George O. Moseley; that on December 6, 1920, in the Superior Court for Hampden County the petitioner recovered judgment against George O. Moseley and execution was issued thereon January 14, 1921, in the sum of $1,050.10; that an attachment of real estate was made in this action and was set forth in the petition for partition sale, under which Parker was appointed commissioner; that on January 14, 1921, a deputy sheriff presented the execu-

·tion to Parker for payment out of the funds in his hands belonging to George O. Moseley, and payment was refused; that said ·execution has not been paid and George O. Moseley is indebted to the petitioner for the amount of said execution and interest thereon. The respondent Parker demurred to the petition. A decree was entered sustaining the demurrer and dismissing the petition. From this decree of the Probate Court the petitioner appealed.

Under St. 1917, c. 279, § 30, now G. L. c. 241, § 28, "a person having a mortgage, attachment or other lien on the share of a cotenant shall be concluded by the decree, so far as it relates to the partition and the assignment of the shares; but his lien shall remain in full force upon the part assigned to or left for such co-tenant, or, in the event of a sale, upon the share of such part owner in the pro- ·ceeds, and may be enforced in the manner provided in section 19." By § 19 of this statute, if partition is made by sale, a remedy is given by petition in equity in the Probate Court before payment is made, but in order that the petitioner may avail himself of this remedy he must at the time have a mortgage, attachment or other lien on the share of the cotenant. The final judgment in favor of the petitioner was entered December 6, 1920, execution ·did not issue until January 14, 1921, and the pending petition was not brought until March 21, 1921. The lien secured by the attachment was lost after thirty days from December 6, 1920. G. L. c. 223, § 59. *Tolman* v. *Tolman,* 224 Mass. 501. *Whittemore* v. *Swain,* 198 Mass. 37. Therefore when the petition was brought, the petitioner had no lien on the respondent's share and he could not recover under St. 1917, c. 279, by a petition in equity in the Probate Court.

Nor can the petition be maintained under G. L. c. 214, § 3, ·cl. 7, seeking to reach and apply the share of the respondent, George O. Moseley, in the custody of the commissioner in satisfaction of the petitioner's debt. The Probate Court had no jurisdiction under this statute. The jurisdiction is limited to the Supreme Judicial Court and the Superior Court. G. L. c. 214, § 3. See *Stockbridge* v. *Mixer,* 215 Mass. 415; *Abbott* v. *Gaskins,* 181 Mass. 501; *Powers* v. *Raymond,* 137 Mass. 483. Even where the court ·in which the proceeding is brought has jurisdiction under the ·statute to reach and apply, it has been decided that a commis-

sioner appointed by the court cannot be obstructed in the final distribution and disposition of the fund by a proceeding under this statute. *Travelers Ins. Co.* v. *Maguire,* 218 Mass. 360. The demurrer was sustained properly.

*Decree affirmed.*