WILLIAM G. TODD *vs.* ARTHUR P. PEARCE, JUNIOR, & others.

Suffolk.    May 21, 1935. — July 5, 1935.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Equity Jurisdiction*, To reach and apply equitable assets. *Equity Pleading and Practice*, Exceptions, Jury issues. *Practice, Civil*, Exceptions, Requests, rulings and instructions. *Evidence*, Opinion: expert.

In the circumstances, in a suit in equity to reach and apply equitable assets, brought under G. L. (Ter. Ed.) c. 214, § 3 (7), the grounds of equity jurisdiction being admitted and all issues of fact having been

found by a jury, exceptions taken at the trial of the jury issues could be brought directly to this court before entry of a final decree.

At the trial of an issue involving the value of a lawyer's services, opinion testimony of an expert witness that a question of law dealt with by the lawyer was uncommon, complicated, and doubtful, rightly was excluded, or, if the exclusion was error, it was made harmless by the later admission of substantially the same testimony without objection.

Proper requests for rulings need not be given verbatim; and exceptions to their refusal must be overruled if their substance is included in the charge.

BILL IN EQUITY, filed in the Superior Court on August 17, 1931.

Following trial of jury issues before *Donnelly*, J., as described in the opinion, the plaintiff alleged exceptions.

The case was submitted on briefs.

*W. G. Todd*, pro se.

*E. A. Counihan, Jr.*, & *G. A. McLaughlin*, for the defendants.

PIERCE, J. This is a bill in equity to reach and apply under G. L. (Ter. Ed.) c. 214, § 3 (7), and is not within the general principles of equity jurisdiction. *Wilson* v. *Martin-Wilson Automatic Fire Alarm Co.* 151 Mass. 515, 517. *Stockbridge* v. *Mixer*, 215 Mass. 415. The equitable jurisdiction conferred by cl. 7 depends not on the nature of the plaintiff's debt or cause of action, but upon the existence of some property (here stock in corporations) which cannot be attached or taken on execution. When there is a controversy as to the amount of the debt sought to be established the defendant has a right to have a trial by jury on the main issue of his alleged indebtedness to the plaintiff. *Merchants' National Bank of Newburyport* v. *Moulton*, 143 Mass. 543.

In the instant case the plaintiff is an attorney at law practising his profession in the city of Boston in this Commonwealth. The defendant Pearce is a resident of Brookline in said Commonwealth. The fourth paragraph of the plaintiff's bill of complaint charges "That during the month of March, 1930, the respondent Arthur P. Pearce, Jr., employed and retained your complainant to act for him in a professional capacity; that your complainant accepted said employment

and thereupon engaged upon the prosecution of the matters which had been placed in his hands, it being understood and agreed between them that the said respondent would forthwith pay to your complainant the sum of . . . $1,000 as a retaining fee, and that the total amount of your complainant's fee was to be contingent and dependent upon the success of the complainant's efforts in said respondent's behalf." The fifth paragraph charges "That the matters upon which your complainant had been engaged on account of the said respondent were brought to a conclusion by your complainant, and that the contentions advanced by him in behalf of said respondent were concluded in favor of the said respondent." The eighth paragraph of the bill of complaint charges "That the said respondent Arthur P. Pearce, Jr., is the owner and record holder of all the common stock in the said respondent corporations, Arthur P. Pearce, Jr., Inc., and A. P. Pearce, Jr., Inc., which stock he does not intend to apply to the satisfaction of any judgment which your complainant may secure against him." The bill seeks to establish the debt, prays for injunctive relief against the transfer of the described stock, that the stock be applied to the satisfaction of the alleged debt, and for general relief.

The defendant Arthur P. Pearce, Jr. (herein called the defendant) denies the allegations contained in paragraph 4 of the plaintiff's bill of complaint, and further answering says "that on or about June 15, 1930, the respondent Arthur P. Pearce, Jr., employed the complainant to act for him in a professional capacity and promised to pay him for said services when all of said work was completed the sum of . . . $1,000 and that the complainant satisfactorily completed said services. And the respondent Arthur P. Pearce, Jr., further answering says that he duly tendered the complainant the sum of . . . $1,000 for said services, but said complainant refused to accept the same in full payment for said services." The defendant by way of counterclaim made further answer as follows: ". . . on or about June 2, 1930, he gave the said complainant a check for . . . $5,000, . . . $2,500 of which was to pay his fee for certain other

professional services and the balance . . . to be paid to William Flaherty, Esquire, for certain professional services, that said complainant has failed, refused and neglected to pay said Flaherty said sum of . . . $2,500, although said Flaherty has made due demand upon the said complainant for payment . . . therefor [*sic*] the respondent Arthur P. Pearce, Jr., says the complainant owes him the sum of . . . $2,500 together with interest thereon from June 2, 1930." The defendant admitted that he is the owner of the stock described in the bill of complaint. By leave of court the defendant made further answer in great detail which it is not necessary to consider in the determination of the issues here presented.

By decree of the Superior Court dated January 29, 1932, certain issues were framed for trial by jury on the law side of the court. On May 19, 1932, at which time a jury was impaneled to try said issues, by agreement of the parties new issues were framed. These issues were as follows: "1. What amount of money, if any, does the defendant owe the plaintiff for professional services in the matter of the revocation of the decree of adoption of Olive P. Kimball? 2. Does the plaintiff owe the defendant $2,500 as alleged in the defendants' answer?" At the trial on the issues the jury returned a verdict in the sum of $1,250 for the plaintiff on issue numbered 1 and found for the defendant on issue numbered 2. The case for the plaintiff is before this court on two issues as stated in his brief: (1) Did the trial judge err in refusing to permit the plaintiff's expert witness to give his opinion, hereinafter referred to, and (2) Should the trial judge have given the instructions and rulings contemplated by the plaintiff's requests numbered 9 and 11, respectively; and if so, were they covered by the judge's charge?

Before discussing the exceptions of the plaintiff it is necessary to consider the contention of the defendant that "This bill of exceptions is prematurely before the court and ought not to be determined at this time," for the reasons that "The proceeding before the court is . . . an equity proceeding, and, in order to bring exceptions properly before the court, the proceeding must have proceeded to . . . a

final decree"; that "In the instant case, all that exists are exceptions claimed and perfected at a trial of jury issues on the law side of the court"; that "There has never been any decree entered predicated upon the answer of the jury to the jury issues."

As above stated, bills to reach and apply under G. L. (Ter. Ed.) c. 214, § 3 (7), are really common law cases with equitable relief. *Stockbridge* v. *Mixer*, 215 Mass. 415. *Witherington* v. *Eldredge*, 264 Mass. 166, 172. It was said by Knowlton, C.J., in *Crocker* v. *Crocker*, 188 Mass. 16, 20, "When such issues are framed, and until they are disposed of by the court, they carry with them the ordinary methods of trial by jury in an action at common law." In the case at bar the issues themselves present no case of equitable jurisdiction. The findings of the jury upon the issues submitted were conclusive on the parties unless set aside by the trial judge or by this court on exceptions. The verdict of the jury on the first issue against the contention of the excepting plaintiff, the defendant not excepting to the verdict on either issue, will settle the entire controversy involved in the case unless the plaintiff can prosecute his exceptions. The admission of the defendant that he is the sole owner of all the corporate stock sought to be applied in this suit leaves no controversy as to the fund to be applied to the debt when ascertained, and has no evidential value upon the issue of the defendant's indebtedness to the plaintiff.

Disregarding the exceptions, it is plain the case considered as an action at law was ripe for final determination when the verdict was returned. "When issues of fact are submitted to a jury in an equity suit, and a verdict is rendered upon the issues and is not set aside, the verdict is regarded as settling the facts so put in issue." *Crocker* v. *Crocker*, 188 Mass. 16, 19. *Siciliano* v. *Barbuto*, 265 Mass. 390, 393. *Knox* v. *Springfield*, 273 Mass. 109, 110. See *Ellis* v. *Lyford*, 270 Mass. 96, 100. Every issue raised by the pleadings has been resolved against the plaintiff provided his exceptions are overruled. The final decree in the nature of things cannot open to him new opportunity for objection or controversy. In these exceptional circum-

stances there is no insuperable objection to considering the exceptions in a case of this nature before the entry of the final decree. See *Commonwealth* v. *Kossowan*, 265 Mass. 436, 438; G. L. (Ter. Ed.) c. 279, § 4. In the instant case the requirement of G. L. (Ter. Ed.) c. 214, § 25A, that a final decree be entered although exceptions are taken in equity cases, did not affect the substantial rights of the defendant and does not prevent consideration of the case by the full court. See *Shea* v. *Lexington*, 290 Mass. 361, 373.

We now consider the exceptions upon the points argued in the plaintiff's brief. During the trial several experts were called by the plaintiff who testified to the value of the plaintiff's services. The testimony of these witnesses placed the value of the services in amounts varying from $17,500 to $20,000. Experts called by the defendant placed such value at $1,000. During the examination of Francis P. Garland, Esquire, who testified, in behalf of the plaintiff, that the plaintiff's services were worth $17,500, "it appeared that he [Garland] had examined the statute in question, the decisions which counsel for the defendant had referred to in his cross-examination of [other] experts for the plaintiff, during which counsel for the defendant endeavored to show that the question of law involved in the proceedings to set aside the decree of adoption was a simple one, and that he had formed an opinion as a result of his study and consideration as to whether the question confronting the plaintiff in June, 1930, with respect to vacating said proceedings was a simple one, or a complicated and doubtful question." Counsel for the plaintiff then asked the witness the question and received the answer which follow: Q. "And at the conclusion of your studies, and your consideration, and your thought, did you form an opinion as to whether the question then confronting Mr. Todd in June and July and thereafter of 1930 was a simple question?" A. "I did." The following colloquy then took place: COUNSEL FOR THE DEFENDANT: "I pray your Honor's judgment." COUNSEL FOR THE PLAINTIFF: "Did he form an opinion?" THE WITNESS: "I did form an opinion." COUNSEL FOR THE PLAINTIFF then said to the

witness: "Don't answer this question until Mr. Counihan [counsel for the defendant] has an opportunity to object and his Honor has ruled. What was your opinion as to the question with which Mr. Todd was confronted in 1930?" COUNSEL FOR THE DEFENDANT: "I pray your Honor's judgment." THE JUDGE: "Excluded." COUNSEL FOR THE PLAINTIFF: "May I make my offer of proof at the bench?" (At bench.) COUNSEL FOR THE PLAINTIFF: "I offer to show by this question that the question of law confronting Mr. Todd in connection with the revocation of the decree of adoption was in the opinion of the witness a very extremely close and doubtful question and one upon which the courts as well as attorneys might well disagree, and that in his opinion it was extremely doubtful whether the petitioner could prevail, and to that exclusion your Honor saves my exception." THE JUDGE: "Yes."

We think the question and answer were excluded rightly, but, if not, that error was cured and the plaintiff suffered no prejudicial harm when, and after the exclusion of the offer of proof, the plaintiff on redirect examination was permitted by the judge, without objection by the defendant, to put to the witness the questions and answers which follow: Q. "Mr. Garland, is it fair to say that in your experience at the bar, of some thirty years, that this question of moving to set aside a decree of adoption of a child is an unusual and unique question?" A. "I should say it is."— Q. "And not common in the practice of lawyers in your experience?" A. "It is not common." On this point the trial judge instructed the jury as follows, without exception by the plaintiff or defendant: "Now it may perhaps be interesting to you to know — I think it has already been introduced in evidence, but I would charge you — that there are various elements to be considered by you in determining what is fair and reasonable compensation for Mr. Todd in the event that you find that his statement of the contract which was made is true. And you may consider, gentlemen, the facts as you find them apply in this way. You can take into consideration the time and labor involved in the matter from the attorney's point of view,

the time and labor which he put in handling the case; the novelty and difficulty of the questions presented by reason of the novel issue which he was to try; the skill required to properly conduct the case; the customary charges of the bar for similar services; the amount of benefit accruing to the client by reason of the services of the attorney; the certainty or uncertainty of compensation; the character of the employment, whether for a casual or a constant plaintiff [client]; whether the acceptance of the employment was one which would preclude the appearance of the attorney for others in cases likely to result from the same cause and in which there is a reasonable expectation that he would otherwise be employed in connection with the matter; whether the employment will result in loss of business provided the client knows of this at the beginning of the employment."

The remaining exceptions relate to the judge's refusal to give certain requests and rulings. Request 9 reads: "As a matter of law, if the jury find that the defendant, Arthur P. Pearce, Jr., agreed to pay the plaintiff $1,000 as a retaining fee, this $1,000 should be added to the fair value of the plaintiff's services in the matter of the revocation of the decree of adoption of Olive Pauline Kimball." Request 11 reads: "As a matter of law, in the present case, if there was an express agreement to pay a retainer, or if there was an engagement for particular service of a kind from which the right to charge a reasonable retainer would be implied, the defendant was legally liable for a retaining fee." The evidence upon the question, whether or not the defendant agreed to pay the plaintiff a retaining fee, was in conflict, and the defendant contends that the requests made by the plaintiff were given in substance in the following abstracts from the charge: "Mr. Pearce says that following the conclusion of the divorce case Mr. Todd said 'We will now take up the matter of the revocation of that adoption,' and he said, as I understand it, 'Well, this has cost me a lot of money, and if you want to take that up for $1,000, a maximum of $1,000, win, lose or draw, and you pay the expenses, go ahead with the case.' And Mr. Pearce's statement is that Mr. Todd said, 'All

right, we will go ahead on that basis,' and that he went ahead, so far as Mr. Pearce knew, on that basis. If you find, gentlemen, that that was the arrangement, that that is what happened, of course then, gentlemen, your answer to that must be, on Mr. Pearce's own story, that Mr. Pearce owes Mr. Todd $1,000 for services with reference to that matter. . . . Mr. Todd disputes that, and his claim is based on that dispute. He says that he was to get $1,000 in the event that he lost, and that if he won he was to receive a substantial fee. That is, as I understand the fee here, that he was to get $1,000 anyway to cover the expenses of the prosecution of that case, and if he lost that was to be his, but that if he won he was to receive in addition to the $1,000 a substantial fee." In addition the judge charged the jury: ". . . what was the agreement made? That is for you to say. Was it the $1,000 as Mr. Pearce says he agreed to give, win, lose or draw? If so, you need go no further, gentlemen, but return an answer to the first question here, an answer of 'Yes' and the sum $1,000. On the other hand, if you find that the arrangement was as Mr. Todd suggests, then your answer is 'Yes' and such sum as you will say constitutes the agreement — constitutes an amount, rather, in accordance with the agreement which you find was made at the time that these two people came together." And again, later, he said: "Having those things in mind, gentlemen, and taking what you find to be the evidence in the case which is true and which you believe, you are to decide first whether the arrangement is as Mr. Pearce says, in which event your answer to that first question will be yes and the amount $1,000. If you find that it was as Mr. Todd says, then you will answer the question 'Yes' and put in such sum as you shall find under the conditions should reasonably compensate Mr. Todd for the services which he rendered in reference to the revocation of that decree of adoption." It is plain that these requests were fully covered and were substantially given in the above quoted charge. We find no error in the judge's failure to instruct the jury more fully in respect to the subject of the retaining fee.

*Exceptions overruled.*