HERBERT J. GEEN *vs.* OLD COLONY TRUST COMPANY &
another, trustees, & others.

Middlesex.    January 9, 10, 1936. — June 30, 1936.

Present: RUGG, C.J., CROSBY, FIELD, LUMMUS, & QUA, JJ.

*Probate Court,* Jurisdiction, Proceedings in equity, Decree.   *Equity
Jurisdiction,* To reach and apply equitable assets.

Neither § 6 nor § 6A of G. L. (Ter. Ed.) c. 215 gives a probate court
jurisdiction of a proceeding in equity by a creditor to establish the
debt due to him and to reach and apply thereto his debtor's interest
in a trust fund under administration by that court.

PETITION IN EQUITY, filed in the Probate Court for the
county of Middlesex on March 6, 1935.

Demurrers were sustained and the petition was dismissed
by order of *Monahan,* J.   The petitioner appealed.

*W. M. Noble,* (*H. R. Morse, E. S. Burr,* & *F. W. Young*
with him,) for the petitioner.

*H. L. Burnham,* for Old Colony Trust Company and
another, trustees.

*A. L. Taylor,* (*E. C. Parks* with him,) for the respondents
E. Jefts Beede and others.

*M. C. Kelleher,* (*J. J. Gavin* with him,) for the respondent
Luman J. Beede.

FIELD, J.   This is a petition in equity brought in the
Probate Court to reach and apply to an alleged indebtedness
of Luman J. Beede on certain promissory notes his interest
in the income and principal of a trust fund created by the
will of Abbie S. Beede of which Old Colony Trust Company
and Norman M. Hunter are trustees.   The petition sets out
the provisions of this will and of a codicil thereto.   Accord-
ing to these provisions Luman J. Beede was entitled to the
income of the trust fund until the trust terminated; such
trust in certain contingencies was to terminate when he
attained the age of forty years, but in other contingencies
was not to terminate until a later time; if the trust did not

terminate before the death of Luman J. Beede and he died without issue the trust fund was to be paid to his brother E. Jefts Beede or his heirs; but if Luman J. Beede died leaving issue the trust was to continue and the proceeds thereof ultimately were to be paid to his heirs. Luman J. Beede, the trustees under the will of Abbie S. Beede, E. Jefts Beede and his children were made parties respondent.

It is alleged that the respondent Luman J. Beede attained the age of forty years on May 3, 1932, that it was agreed by this respondent, the trustees and E. Jefts Beede that after the payment of a certain amount to Luman J. Beede to be applied to his debts, not including his indebtedness to the petitioner, the trust should be modified so that Luman J. Beede "should never become absolutely entitled to either principal or income of the trust and that both should remain permanently beyond the reach of all creditors" excepting those to be paid in accordance with the agreement, that a certain proceeding "called a petition in equity for the compromise of controversy relating to the estate of the decedent," was filed in the Probate Court and on June 17, 1932, "a decree was entered confirming said agreement and compromise." It is alleged that the agreement and decree are invalid and of no force and effect as to the petitioner because of facts alleged in the petition.

The prayers of the petition are that the indebtedness of Luman J. Beede to the petitioner be established, that the agreement for compromise and the decree be declared to be of no force as to the petitioner, or so modified as to protect his rights, and that a decree be entered directing the respondent trustees to pay the indebtedness of Luman J. Beede to the petitioner out of the trust fund.

The respondents — the minor children of E. Jefts Beede by a guardian *ad litem* — demurred on various grounds, including the ground that the Probate Court had no jurisdiction of the petition. The demurrers were sustained generally and later a decree was entered dismissing the petition. The petitioner appealed.

The demurrers were sustained rightly.

The Probate Court had no jurisdiction of the petition.

Prior to July 1, 1927, when St. 1927, c. 94, adding § 6A to G. L. c. 215, took effect, the Probate Court had no jurisdiction of a suit to reach and apply property of the debtor to the payment of his debt. *Moseley* v. *Moseley*, 240 Mass. 1, 3. Such a suit is not within the scope of general equity jurisdiction. *Stockbridge* v. *Mixer*, 215 Mass. 415, 417. *Todd* v. *Pearce*, 291 Mass. 455. Consequently, jurisdiction of this petition was not conferred on the Probate Court by G. L. (Ter. Ed.) c. 215, § 6, which gives the Probate Court only "jurisdiction within the scope of general equity jurisprudence as to the cases and matters therein named." *Abbott* v. *Gaskins*, 181 Mass. 501, 505. *Mitchell* v. *Weaver*, 242 Mass. 331, 336–337. And the jurisdiction of suits to reach and apply conferred by G. L. (Ter. Ed.) c. 214, § 3 (7), is limited to the Supreme Judicial Court and the Superior Court.

Whether the Probate Court had jurisdiction of this petition depends, therefore, on the meaning of G. L. (Ter. Ed.) c. 215, § 6A. The title of St. 1927, c. 94, by which this section was added to G. L. c. 215, was "An Act authorizing equitable attachments in the Probate Court in proceedings within its jurisdiction." Section 6A is in these terms: "*In any proceeding before a probate court,* an attachment may be made by injunction, as in suits in equity, to reach shares of stock or other property which cannot be reached to be attached as in an action at law, and the property so attached shall thereafter be subject to such order as justice and equity may require; and *in relation to such probate proceedings* said court shall have all the powers which the supreme judicial and superior courts have in relation to bills to reach and apply." (Italics supplied.) The language of this section, and the title of St. 1927, c. 94 — to which reference may be had as an aid in interpretation (*Brown* v. *Robinson*, 275 Mass. 55, 57) — indicate that the Legislature did not intend to bring within the jurisdiction of probate courts proceedings not previously within such jurisdiction. Rather, the effect of the statute, properly interpreted, is to make available, in proceedings already within that jurisdiction, as incidental thereto, additional relief by equitable attachment, the Probate Court being given all the powers "in

relation to such probate proceedings" which the Supreme Judicial Court and the Superior Court have "in relation to bills to reach and apply." But the proceedings must be before the Probate Court independent of this incidental relief.

This petition, considered apart from the incidental relief provided by G. L. (Ter. Ed.) c. 215, § 6A, is not within the jurisdiction of the Probate Court. In its essence the proceeding is an action at law brought by a stranger to the estate of Abbie S. Beede and to the trust created by her will against a beneficiary of that trust on a personal debt of such beneficiary not charged upon the trust fund. Such a proceeding does not fall within any of the classes of "cases and matters" of which jurisdiction in equity is conferred on the Probate Court by G. L. (Ter. Ed.) c. 215, § 6. This proceeding, apart from the equitable relief sought, does not relate to the administration of the estate of Abbie S. Beede, to her will, or to a trust created by will or other written instrument, nor involve in any way her estate. G. L. (Ter. Ed.) c. 215, § 6, which confers jurisdiction on the Probate Court in such cases and matters and others not here material, has a wide application. See *Mitchell* v. *Weaver*, 242 Mass. 331; *Coffey* v. *Rady*, 267 Mass. 301; *Buzzell* v. *Schulz*, 273 Mass. 372; *Locke* v. *Old Colony Trust Co.* 289 Mass. 245, 254. But it cannot be extended to include a proceeding in its essence an action at law for a debt merely because the debtor is a beneficiary of a trust under a will or other written instrument. A suit under G. L. (Ter. Ed.) c. 214, § 3 (7), to reach and apply property of a debtor to the payment of his debt is a combination in a single proceeding of an action at law for the debt and a proceeding in equity for relief by the application of property of the debtor to the payment of such debt. *Stockbridge* v. *Mixer*, 215 Mass. 415, 418. *Cohen* v. *Bailly*, 266 Mass. 39, 48. *Todd* v. *Pearce*, 291 Mass. 455, 459. Even if, as we do not decide, such a suit could be maintained in the Supreme Judicial Court or in the Superior Court by the petitioner to reach and apply to the payment of the debt of Luman J. Beede his interest in the trust fund created by the will of Abbie S.

Beede (see *Forbes* v. *Snow*, 239 Mass. 138, 145–146) and could properly be described as a case or matter relative to the administration of the estate of Abbie. S. Beede, to her will, or to a trust created by a will or other written instrument, or involving in any way her estate, the suit would be of such a nature only with respect to the equitable relief thereby afforded, and not with respect to the legal element thereof, which alone must determine the jurisdiction of the Probate Court.

It follows that the orders sustaining the demurrers must be affirmed. But since the case is decided on the ground that the Probate Court had no jurisdiction of the petition, the final decree dismissing the petition should be modified so as to show that the petition is dismissed on this ground and without prejudice, and as so modified is affirmed. *Christiansen* v. *Dixon*, 271 Mass. 475, 476.

*Ordered accordingly.*