JOYCE L. RYDER *vs.* ARCHIE R. RYDER & another.

Barnstable.    December 4, 1947. — April 30, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, WILKINS, & SPALDING, JJ.

*Probate Court*, Accounts, Jurisdiction, Equitable attachment. *Guardian*, Accounts, Advances for ward, Husband and wife. *Judgment*. *Husband and Wife*. *Equity Jurisdiction*, To reach and apply, Fraudulent conveyance.

A decree of a Probate Court, allowing the final account of a wife as guardian of her husband and establishing a balance due the accountant for sums which she had advanced from her separate assets and expended for the ward in reliance upon the authority of the Probate Court to allow her to reimburse herself from other property of the ward, was in effect a final judgment establishing such balance as an amount due the wife as guardian, and was a claim which she was entitled to enforce by suitable proceedings notwithstanding the marital relation of the parties.

Under G. L. (Ter. Ed.) c. 215, § 6A, a Probate Court had jurisdiction of a suit in equity by a wife, formerly guardian of her husband, against him and a third person to enforce a judgment of that court that a

---

certain sum was due her by reason of advances she had made from her separate assets while acting as guardian and to reach and apply toward satisfaction thereof real estate which, at termination of the guardianship, the husband, in fraud of her and without consideration, had conveyed to the third person.

PETITION IN EQUITY, filed in the Probate Court for the county of Barnstable on April 29, 1947.

The case was heard on demurrer of the respondents by *Campbell*, J.

In this court the case was submitted on briefs.

*D. J. Fern*, for the petitioner.

*C. J. Miller & S. S. Miller*, for the respondents.

DOLAN, J. This petition in equity filed in the Probate Court for the county of Barnstable comes before us on the appeal of the petitioner from the interlocutory decrees entered by the judge sustaining the demurrers of the respondents to the petition and from the final decree dismissing the petition without prejudice.

The allegations of the petition may be summed up as follows: The petitioner, who is the wife of the respondent Archie R. Ryder, hereinafter referred to as the respondent, was appointed his guardian by decree of the Probate Court for the county of Barnstable on September 25, 1936, and duly qualified as such. The guardianship was terminated by decree of that court on or about December 26, 1945. The petitioner's account covering the period from September 25, 1936, to November 1, 1945, showed a total of $1,555 in schedule A[1] and expenditures in schedule B totaling $5,366.67, leaving a balance due the petitioner as accountant of $3,811.67. The petitioner had advanced that sum from her separate assets in reliance upon the authority of the Probate Court to allow her to reimburse herself from other property of the respondent then under guardianship. The account was allowed by the Probate Court by decree dated February 19, 1946. The petitioner has no assets of the respondent in her hands or possession. During the period of the guardianship the respondent was the owner of certain

[1] Amount of personal property according to inventory — Amounts received from income, gain on sale of personal property over appraised value, and from other property.

real estate located in Orleans. Following the decrees terminating the guardianship and allowing the petitioner's account as guardian, the respondent conveyed said real estate, "being substantially all his assets," to the respondent Allen D. Ryder on or about March 6, 1946. The petitioner did not join in the conveyance. The respondent Allen D. Ryder knew that the petitioner had made the advances before referred to in reliance upon said real estate. The conveyance to him by the respondent was without consideration. The prayers of the petition are these: "1. That the advances made by petitioner under said guardianship be established. 2. That said conveyance between Archie R. Ryder and Allen D. Ryder be declared fraudulent as against . . . [the] petitioner. 3. That said conveyance between Archie R. Ryder and Allen D. Ryder be set aside. 4. That . . . [the] court order said real estate sold and so much of the proceeds paid to petitioner as will reimburse her for her separate property so advanced. 5. That respondent, Allen D. Ryder, be restrained and enjoined from transferring, selling, mortgaging or otherwise disposing of said real estate pending further order of . . . [the] court. 6. For such other relief as to . . . [the] court may seem just and meet."

The grounds of demurrer are in substance that the petition did not state a case for relief in equity and that, since the petitioner is the wife of the respondent and her alleged claim is based solely upon an alleged implied promise or contract on his part, the Probate Court is without jurisdiction to entertain the petition.

In support of the decrees entered by the judge the respondents rely on *Weidman* v. *Weidman*, 274 Mass. 118,[1] and *Blumenthal* v. *Blumenthal*, 303 Mass. 275, for the proposition that, since the petitioner and the respondent are wife and husband, the petition cannot be maintained. Those cases have no application to the facts of the present case.

In the present case the decree sought to be enforced was entered in the Probate Court having exclusive jurisdiction of the subject matter of the administration by the petitioner of

---

[1] See, however, G. L. (Ter. Ed.) c. 215, § 6, as amended by St. 1933, c. 237, § 1.

her trust as guardian of the respondent former ward. *Brooks* v. *Brooks*, 11 Cush. 18, 20. See *Loring* v. *Wise*, 226 Mass. 231, 233. That decree is in effect a judgment establishing that there is due to the petitioner as a result of her doings as such guardian the balance found due her as accountant. That adjudication cannot be attacked collaterally and while it stands is binding on the parties. *Allen* v. *Puritan Trust Co.* 211 Mass. 409, 418. *Farquhar* v. *New England Trust Co.* 261 Mass. 209, 212–213, and cases cited. *Bell* v. *Swift*, *ante*, 145, 146, and cases cited. It is therefore idle to argue that upon the accounting in question the Probate Court could not as matter of law have established that a balance was due to the petitioner for sums advanced by her out of her own property for the benefit of the respondent, because she was the wife of the respondent. The relationship between guardian and ward is fiduciary in character. *Flynn* v. *Colbert*, 251 Mass. 489, 493. See *Allen* v. *Puritan Trust Co.* 211 Mass. 409, 420. And we are of opinion that one who is guardian of her husband stands with respect to the administration of her trust in no different position than if she were his daughter or a stranger, and that she incurs as such guardian the same obligations and enjoys the same rights and beneficial interests that they would. See *Brooks* v. *Brooks*, 11 Cush. 18, 20. Contrary to the contention of the respondents, we are of opinion that the petition sufficiently alleges by necessary implication that the account in question was the final account of the petitioner.

So called "creditors bills" provided for by G. L. (Ter. Ed.) c. 214, § 3 (7), are the creatures of statute. They are not cognizable under the general principles of equity jurisprudence; and hence, the jurisdiction to entertain such bills having been limited originally to the Supreme Judicial Court and the Superior Court, it was settled prior to the enactment of St. 1927, c. 94, § 1 (now G. L. [Ter. Ed.] c. 215, § 6A), that there was no jurisdiction in the Probate Court to entertain such bills. *Moseley* v. *Moseley*, 240 Mass. 1. See *Stockbridge* v. *Mixer*, 215 Mass. 415, 417, and cases cited. But by G. L. (Ter. Ed.) c. 215, § 6A, it is provided as follows: "In any proceeding before a probate court, an attachment

may be made by injunction, as in suits in equity, to reach shares of stock or other property which cannot be reached to be attached as in an action at law, and the property so attached shall thereafter be subject to such order as justice and equity may require; and in relation to such probate proceedings said court shall have all the powers which the supreme judicial and superior courts have in relation to bills to reach and apply." Under the power conferred upon the Probate Courts by the statute just set forth, and particularly by its last clause, "and in relation to such probate proceedings said court shall have all the powers which the supreme judicial and superior courts have in relation to bills to reach and apply," we are of opinion that it was the intention of the Legislature to give the Probate Courts the same power to reach and apply property to the satisfaction of their decrees as the Supreme Judicial and Superior Courts have in relation to bills to reach and apply. A bill in equity would lie in the Supreme Judicial Court or in the Superior Court under G. L. (Ter. Ed.) c. 214, § 3 (7), and G. L. (Ter. Ed.) c. 109A, § 7, to reach and apply property in satisfaction of the decree in question of the Probate Court, just as such a bill lies in the Supreme Judicial Court or the Superior Court as well as in the Probate Court under G. L. (Ter. Ed.) c. 215, § 6A, to reach and apply property in satisfaction of a decree for separate support entered in a Probate Court, notwithstanding that the relationship between the parties continues to be that of wife and husband. *Shepherd* v. *Shepherd*, 196 Mass. 179, 181–183, and cases cited. *Doane* v. *Doane*, 238 Mass. 106, 112. *Dorey* v. *Dorey*, 248 Mass. 359, 360–361, and cases cited.

There is nothing in *Geen* v. *Old Colony Trust Co.* 294 Mass. 601, in conflict with the result just reached by us. In that case, in reliance upon c. 215, § 6A, the petitioner sought to establish the indebtedness of a beneficiary under a trust created by will, in course of administration in the Probate Court, and to reach and apply in satisfaction thereof his interest in the trust fund. There it was held that the Legislature did not intend to bring within the jurisdiction of Probate Courts proceedings not previously within their juris-

diction, and the petition was dismissed without prejudice. Manifestly the establishment of a debt of a beneficiary under the trust which had no relation whatever to the administration in the Probate Court of the trust under the will, was a matter not within the jurisdiction of that court. In the present case, however, the exercise of the power conferred on the Probate Courts would be in relation to a proceeding within the jurisdiction of the Probate Courts, namely, the petitioner's account as guardian of the respondent. And we are of opinion that under § 6A the Legislature intended that the statute should apply not only where the property sought to be reached cannot be attached at law, G. L. (Ter. Ed.) c. 214, § 3 (7), but also where the property sought to be reached had been fraudulently conveyed, G. L. (Ter. Ed.) c. 109A, § 7. See *Buckley* v. *John*, 314 Mass. 719, 726–727.

The interlocutory decrees entered by the judge sustaining the demurrers are reversed and instead decrees are to be entered overruling the demurrers, and the final decree dismissing the petition is reversed.

*So ordered.*