STAR SALES & DISTRIBUTING CORP. *vs.* A. B. C. DRYWALL COMPANY, INC. April 11, 1978. There is no dispute that the defendant had a right to trial by jury on the question of its alleged indebtedness to the plaintiff (*Todd* v. *Pearce*, 291 Mass. 455, 456 [1935]; *Matsushita Elec. Corp. of America* v. *Sonus Corp.*, 362 Mass. 246, 252 [1972]) and that the defendant's jury claim (which was limited to the plaintiff's action and did not extend to the defendant's counterclaim) was timely filed under Rule 44 of the Superior Court (1954). There is no occasion to consider whether the defendant could waive its jury claim (see *Vaught Constr. Corp.* v. *Bertonazzi Buick Co.*, 371 Mass. 553, 557-558 [1976]), because the facts found by the judge do not support his ruling that the defendant did waive its right to a jury on the question of the indebtedness. *Stockbridge* v. *Mixer*, 215 Mass. 415, 416, 418-419 (1913). *Farnham* v. *Lenox Motor Car Co.*, 229 Mass. 478, 484 (1918). *Arthur A. Johnson Corp.* v. *Commonwealth*, 306 Mass. 347, 350 (1940). Contrast *Freeland* v. *Wright*, 154 Mass. 492, 493-494 (1891), in which there was no right or timely claim of trial by jury. If the defendant shall, within fourteen days from the date of this opinion, file in the Superior Court a writing in which it shall specify the particular issues raised by the complaint and the defendant's answer thereto which the defendant still insists be tried to a jury, then the judge's ruling on the defendant's fourth objection to the master's report and the first paragraph of the judgment are to be vacated, and the case is to be tried to a jury on the issues so specified and in accordance with Mass.R.Civ.P. 53(e)(3), 365 Mass. 820 (1974); if no such writing is filed within fourteen days, the judgment is to stand in its entirety.

*So ordered.*

*James M. McDonough* for the defendant.
*Irving Goodman* for the plaintiff.