IRA C. FOSTER, individually and as administrator,[1] vs.
PHILIP A. EVANS & others.[2]

Essex. October 9, 1980. — November 28, 1980.

Present: BROWN, GREANEY, & KASS, JJ.

*Jurisdiction*, Probate Court, Equity. *Probate Court*, Jurisdiction.

The Probate Court had no jurisdiction under G. L. c. 215, § 6, to compel
satisfaction of a judgment of the Superior Court by means of an inde-
pendent action to reach and apply brought pursuant to c. 214, § 3(8).
[754-756]

PETITION IN EQUITY filed in the Probate Court for the
county of Essex on May 23, 1974.

The case was heard by *Pettoruto*, J.

*Sumner H. Smith* for the defendants.

*William H. Sheehan, III*, for the plaintiff.

GREANEY, J. This case raises the question whether a Pro-
bate Court has jurisdiction under the first paragraph of
G. L. c. 215, § 6,[3] to compel satisfaction of a judgment of
the Superior Court by means of an independent action to
reach and apply brought pursuant to G. L. c. 214, § 3(8),

---

[1] The plaintiff's action was brought on his own behalf and in his capac-
ity as administrator of the estate of Elizabeth C. Foster. As will be dis-
cussed later in this opinion, the action was not commenced in connection
with the settlement of that estate.

[2] Philip W. Evans and Mary P. Evans.

[3] In so far as material to this case, the first paragraph of G. L. c. 215,
§ 6, as appearing in St. 1975, c. 400, § 55, conferred on the Probate
Courts original and concurrent jurisdiction with the Supreme Judicial
and Superior Courts over "all cases and matters of equity cognizable
under the general principles of equity jurisprudence . . . ."

inserted by St. 1973, c. 1114, § 62.[4]  We hold the Probate Court lacks such jurisdiction.

The pertinent facts are these.  On June 12, 1972, the plaintiff recovered a judgment in the Superior Court in the sum of $17,686.93 on a promissory note made by the defendants Philip A. and Philip W. Evans in connection with their purchase of a business.  On May 23, 1974, the plaintiff commenced the present action pursuant to G. L. c. 214, § 3(8), in the Probate Court for Essex County.  The action named the judgment debtors and Mary P. Evans as defendants and sought to enforce the Superior Court judgment by reaching and applying in its satisfaction certain premises in Danvers alleged to have been fraudulently conveyed by Philip W. and Mary P. Evans to Mary's sole name.  In his decision, finding the conveyance to have been fraudulent, the judge stated that the action was one brought "pursuant to G. L. c. 214, § 3(8)," and he ruled that the Probate Court had acquired jurisdiction by virtue of the provisions of the first paragraph of G. L. c. 215, § 6.  Judgment was entered setting the conveyance aside, ordering payment of the Superior Court judgment, and directing, in default of payment by the judgment debtors, that the property be sold and the net proceeds from the sale be applied in satisfaction or reduction of the judgment.

Actions to reach and apply brought under the eighth numbered paragraph of G. L. c. 214, § 3, are expressly reserved by the first unnumbered paragraph of that statute to the exclusive jurisdiction of the Supreme Judicial and Superior Courts.  The plaintiff acknowledges this fact as well as the fact that the traditional jurisdiction of the Probate Courts would not extend to such actions.  *Moseley* v. *Moseley,* 240

---

[4] "Actions to reach and apply in payment of a debt any property, right, title or interest, real or personal, of a debtor, liable to be attached or taken on execution in a civil action against him and fraudulently conveyed by him with intent to defeat, delay or defraud his creditors, or purchased, or directly or indirectly paid for, by him, the record or other title to which is retained in the vendor or is conveyed to a third person with intent to defeat, delay or defraud the creditors of the debtor."

Mass. 1, 3 (1921). He contends, however, that the Probate Courts acquired original jurisdiction over such actions in 1963 when G. L. c. 215, § 6, was amended to add a new first paragraph which enlarged the jurisdiction of those courts to include equity cases and matters cognizable under the general principles of equity jurisprudence.

This argument is misplaced. Essential to a Probate Court's jurisdiction over an equity case under the first paragraph of § 6 is a showing that the action was one known to traditional equity jurisdiction. A statutory creditor's bill attacking a fraudulent conveyance was not so known — "[s]uits in equity to set aside a fraudulent conveyance and to reach and apply certain kinds of property to the satisfaction of [a creditor's] claim are not cognizable as subjects of general equitable jurisdiction but are the creations of statutes conferring special equitable jurisdiction upon the courts." *Blumenthal* v. *Blumenthal*, 303 Mass. 275, 278 (1939). See *Powers* v. *Raymond*, 137 Mass. 483, 484 (1884); *Pettibone* v. *Toledo, Cincinnati & St. Louis R.R.*, 148 Mass. 411, 416-418 (1889); *Stockbridge* v. *Mixer*, 215 Mass. 415, 415-418 (1913); *Geen* v. *Old Colony Trust Co.*, 294 Mass. 601, 602-603 (1936). See also *Sebastian* v. *Carroll*, 353 Mass. 465, 467 (1968) (statutory provisions extending the equity jurisdiction of the Probate Courts are to be strictly construed). The limitation on the equity jurisdiction conferred by the first paragraph of G. L. c. 215, § 6, is also explicated by that portion of the second paragraph of the same statute, which confers jurisdiction on the Probate Courts over actions brought under the eleventh numbered paragraph of G. L. c. 214, § 3, for the purpose of determining the uses to which property held by an inactive church or religious society may be put. This specific extension of jurisdiction to one of the various actions enumerated in c. 214, § 3, is further indication that the first paragraph of c. 215, § 6, was not intended to include by implication the type of action under consideration here. The other cases brought to our attention by the plaintiff in support of jurisdiction under § 6 are inapposite.

Finally, we note that jurisdiction was not obtainable under G. L. c. 215, § 6A, as appearing in St. 1973, c. 1114, § 64.[5] The plaintiff has not argued that statute as a basis for jurisdiction. The petition, the findings and rulings of the judge, and other salient parts of the record demonstrate that this was a "proceeding [which] apart from the equitable relief sought, [did] not relate to the administration of . . . [the plaintiff's wife's] estate . . . ." *Geen* v. *Old Colony Trust Co.*, 294 Mass. at 604. Thus, the action was an independent one designed to enforce a judgment on a promissory note entered in the Superior Court, and not an action which could be described under G. L. c. 215, § 6A, as incidental to "any proceeding [already] before a probate court." Contrast *Ryder* v. *Ryder*, 322 Mass. 645 (1948).

The judgment is reversed, and the petition is to be dismissed without prejudice.

*So ordered.*

---

[5] "In any proceeding before a probate court, an attachment may be made by injunction to reach shares of stock or other property which cannot be reached to be attached in a civil action in which money damages are sought, and the property so attached shall thereafter be subject to such order as justice and equity may require; and in relation to such probate proceedings said court shall have all the powers which the supreme judicial and superior courts have in relation to actions to reach and apply."