Jodrey, J.
Action pursuant to G.L.c. 258A (Compensation of Victims of Violent Crimes) brought by the Rt. Rev. Dr. Edward Kornatowski, acting pro se.
Prior to a hearing of the petition on the merits, petitioner filed a motion to disqualify the Attorney General in his representation of the Commonwealth. At the same time, petitioner made an oral motion for jury trial. Both motions were denied and the petitioner filed an instrument entitled “Notice of Appeal and Indictment”. No request for report was made unless the rather voluminous and verbose notice of appeal could somehow be considered in substance a request for a report.
The rulings complained of are clearly interlocutory matters. The judge, in his discretion, chose to report the same without delay as he was authorized to do by G.L.c. 231, §108.
This report presents the following issues:
1. Whether the court’s action in not disqualifying the Attorney General in this action is correct.
2. Whether the court’s action in denying a jury trial in this action is correct.
There was no error.
It is the responsibility of the Attorney General to investigate 258A claims and present any information he may have in support of or in opposition to the claim. He must prepare a report and file it with the court. G.L.C.258A, supra, Dist./Mu-n. Cts. Supp. R. Civ. P., Rule 150. In addition, the Attorney General has a duty to represent the Commonwealth. G.L.c. 12, §3.
There is no right to a jury trial under G.L.C.258A, which is purely a statutory remedy gratuitously created by the legislature in 1967. Neither does the Constitution of Massachusetts, or any general statute, afford a jury trial respecting this sort of claim. Stockbridge v. Mixer, 215 Mass. 415, 418 (1913); Parker v. Simpson, 180 Mass. 334 (1902).
We determine that the judge was correct in declining to disqualify the Attorney General and in denying a jury trial.
The cause is remanded to the trial court for hearing;
So ordered.