WALTER D. HARDY *vs.* BEVERLY SAVINGS BANK.

Essex.   November 8, 1899. — January 3, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, HAMMOND, & LORING, JJ.

*Interest of Attaching Creditor of Mortgagor in Surplus Proceeds of Foreclosure Sale — Notice to Mortgagee — Equity.*

If a creditor of a mortgagor of land, who has attached the latter's equity of redemption, wishes to protect any interest which he may have in the proceeds remaining in the mortgagee's hands upon a foreclosure sale, he should give due notice to the mortgagee, and he cannot maintain a bill in equity against the mortgagee to recover such proceeds after the latter, without notice of the former's claim, has paid the surplus to the mortgagor or upon his order.

BILL IN EQUITY, filed December 7, 1898, in the Superior Court, alleging that on or about May 15, 1894, Samuel W. Forrest executed to the defendant a mortgage, containing a power of sale, of his interest in certain real estate in Lynn ; that the mortgage was conditioned to pay the sum of $2,100, with interest, and provided that, in case of a default and subsequent sale, the proceeds should be applied first to the legal indebtedness of the defendant, and that the surplus should be paid to the mortgagor ; that there had been a default in the conditions of the mortgage, and the property was duly sold according to its terms, on or about April 9, 1898, to Ralph W. Putnam, for the sum of $2,571, which sum exceeded all the indebtedness of the defendant by the amount of $219.27 ; that subsequently to

the execution of the mortgage to the defendant, and prior to the foreclosure sale, namely, on June 19, 1897, the plaintiff made an attachment of Forrest's interest in the real estate described in the mortgage, and the attachment was duly recorded, as required by law, and was the first of numerous attachments and other liens recorded on Forrest's equity in the premises; that the plaintiff recovered judgment in his action against Forrest for the sum of $215, and execution was issued thereon on November 9, 1898, which had never been satisfied, in whole or in part; that within thirty days from the date of the judgment, namely, on December 7, 1898, the plaintiff had maintained his lien on the surplus proceeds of the sale of the land by filing this bill and causing a demand to be made on the defendant for the share of such surplus belonging to Forrest; and that the plaintiff was entitled to have the defendant pay over the share of Forrest in such surplus.

The prayer of the bill was that the defendant be ordered to account to the plaintiff for the proceeds of sale, and to pay over to the plaintiff the share of Forrest in such proceeds, or so much thereof as should satisfy the plaintiff's claim, after deducting the indebtedness of the defendant.

The answer alleged that, on April 29, 1898, the defendant, without notice of any legal proceedings by the plaintiff against Forrest, and upon the latter's order, paid $200 of the surplus proceeds in its hands to one Holcombe, an execution creditor of Forrest, of whose claim it had notice before the sale, and paid the balance of $19.27 to Forrest.

Hearing before *Sheldon*, J., who dismissed the bill, with costs; and the plaintiff appealed to this court.

*F. E. Barnard*, for the plaintiff.

*D. W. Quill*, for the defendant.

MORTON, J.   We think that this case is governed by *George v. Wood*, 9 Allen, 80.   In that case it was held that a mortgagee who had released a portion of the mortgaged premises was not bound to contribute to a subsequent mortgagee of the existence of whose mortgage ·he had no notice, actual or constructive, at the time of such release.   It was further held that the fact that such subsequent mortgage had been duly recorded was not constructive notice to him.   See also *Bates* v. *Norcross*,

14 Pick. 224; *Western Union Telegraph Co.* v. *Caldwell,* 141 Mass. 489. In the opinion in *George* v. *Wood,* 9 Allen, 80, 84, it is said that when a purchaser from the mortgagor seeks to enforce his equity against a mortgagee who has released a portion of the mortgaged premises prior to the conveyance to such purchaser, "it is reasonable to require strict proof of notice. He [the purchaser] takes his title with full knowledge that it is subject to the mortgage; and if he does not perfect it by a release, he ought not to subject the mortgagee to the constant necessity of investigating transactions between the mortgagor and third persons subsequent to the mortgage, in order to protect him; when by giving notice he can so easily protect himself. The establishing of such mere collateral equities, which do not affect the legal title, cannot be considered as within the purposes intended to be accomplished by the statutes for registration of deeds." We think that this reasoning applies to the case of an attachment of an equity of redemption, and that if the attaching creditor wishes to protect any interest that he may have in the proceeds remaining in the mortgagee's hands upon a foreclosure sale he should give due notice to the mortgagee. Upon a foreclosure sale the attachment is not transferred by operation of law to the funds in the hands of the mortgagee. It is only by due proceedings in equity that the creditor can secure the benefit of his attachment if there should be a surplus remaining in the mortgagee's hands upon the foreclosure sale. And we think that, as said in *George* v. *Wood,* he can easily protect himself by giving notice to the mortgagee, and that it is more reasonable to require him to do so than it is to compel the mortgagee at his peril to keep run of all attachments and conveyances subsequent to his mortgage. See Jones, Mortgages, § 1930; Fisher, Mortgages, § 846; Robbins, Mortgages, 914; *Thorne* v. *Heard,* [1895] A. C. 495; *M'Lean* v. *Lafayette Bank,* 4 McLean, 430.

We see no difference in principle between the case of a release of a portion of the mortgaged premises by the mortgagee and the case of payment of the surplus remaining on a foreclosure sale.

*Decree affirmed; bill dismissed.*