EUGENE W. KNOWLES *vs.* MICHAEL F. SULLIVAN.

Suffolk. November 10, 1902. — November 25, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Contract*, Implied. *Mechanic's Lien. Relation Back.*

An action for money had and received will lie when the plaintiff has an equitable title to money in the hands of the defendant.

The plaintiff and his partner jointly held a mechanic's lien on certain premises subject to a mortgage. After proper proceedings they got a decree of sale and a sale thereunder, at which the plaintiff purchased. The underlying mortgage then was foreclosed, the proceeds of the foreclosure sale being more than sufficient to satisfy the mortgage debt. After this the plaintiff received the deed representing his purchase at the lien sale, and sued the mortgagee for money had and received to recover the surplus proceeds of the foreclosure sale. *Held,* that the plaintiff was entitled to recover. By the lien sale the plaintiff got an equitable title to the premises subject to the mortgage, which by the foreclosure sale was transferred to the surplus proceeds, and the deed to the plaintiff, if necessary in order to give him the right to sue alone, related back to the time of the lien sale, the rights of the mortgagee not being affected injuriously by his being sued by one plaintiff instead of two.

HOLMES, C. J. This is an action for money had and received to the plaintiff's use. The defendant is a mortgagee who has foreclosed his mortgages by sale, and who has in his hands a surplus over the mortgage debt. The plaintiff is one of two partners who, while the mortgages were outstanding, made contracts with the mortgagor for labor and materials on the premises and filed certificates of liens. The two, after proper proceedings, got a decree of sale and a sale, at which the plaintiff purchased, on May 12, 1900. Later in the same month the defendant made his mortgage sales, which were completed by the recording of the proper instruments on May 21, and later

still, on May 24, the lien sale to the plaintiff was completed by the delivery of a deed to him. The defendant knew that liens were claimed, but was not a party to the lien proceedings. He claims the surplus for an unsecured debt from the mortgagor to him. The case comes here by appeal from a judgment for the plaintiff in the Superior Court on agreed facts.

The judgment of the Superior Court was right. The land having been sold under the paramount title of the mortgagee, the lienholders' claim is regarded by equity as transferred to the surplus proceeds. *Wiggin* v. *Heywood,* 118 Mass. 514. *Western Union Telegraph Co.* v. *Caldwell,* 141 Mass. 489. *Livingston* v. *Mildrum,* 19 N. Y. 440. The defendant is not in the position of a mortgagee who has paid over the fund without notice of the claim, as in *Hardy* v. *Beverly Savings Bank,* 175 Mass. 112. Therefore if the plaintiff can recover without joining his partner in the lien, there seems to be no objection to his recovering in an action for money had and received. That action is warranted apart from actual contract if the plaintiff has an equitable title to the money or a part of it. *Mattel* v. *Conant,* 156 Mass. 418, 422. *McCabe* v. *Maguire, ante,* 255. The difficulties hinted at in *Cook* v. *Basley,* 123 Mass. 396, do not seem to arise in the present case.

The plaintiff by virtue of the sale acquired at least the sole equitable interest in the lien title, and the subsequent execution of the deed may perhaps have been unnecessary in order to entitle him to sue alone. *Hart* v. *Wingart,* 83 Ill. 282. *Remington* v. *Linthicum,* 14 Pet. 84, 92. But as it does not matter to the defendant whether his liability in point of form is to one or to two, there seems to be no objection to treating the deed as relating to the time of the sale, as has been done elsewhere under stronger circumstances than the present. *Abbott* v. *Sturtevant,* 30 Maine, 40, 47. *Remington* v. *Linthicum,* 14 Pet. 84, 92. Whichever way the conclusion be reached, the plaintiff's right is secure. Jones, Mortgages, (5th ed.) §§ 1687, 1935. Nothing else in the defendant's argument calls for remark.

*Judgment affirmed.*

*C. F. Smith,* for the defendant.

*G. H. Russ, (H. D. Moore* with him,) for the plaintiff.