**DEGREE OF HONOR PROTECTIVE ASSOCIATION, Plaintiff,**

v.

**CHARLES T. BISCH & SON, INC., and Grayce E. Mencke, Defendants.**

Civ. A. No. 61–118.

United States District Court
D. Massachusetts.

May 22, 1961.

Charles H. Loring, Woburn, Mass., Roy J. Mohan, St. Paul, Minn., for plaintiff.

Jacob Shair, Boston, Edward F. Casey, Scorling, Catron & Hardin, Springfield, Ill., Edgar L. Kelley, Boston, Mass., for defendants.

SWEENEY, Chief Judge.

The plaintiff some time ago issued a policy of insurance in the amount of $1,000 to one Elizabeth Nees, who died on February 6, 1960. The defendant Grayce E. Mencke, a niece of the insured, is the named beneficiary. The other defendant, an Illinois corporation engaged in the undertaking business, claims that the insured delivered the policy to it advising that the defendant Mencke would use the proceeds thereof to pay for funeral and burial expenses of the insured, and that it did bury her at a cost of $709.53. Presented with these conflicting claims, the plaintiff interpleaded the claimants and deposited the amount of the policy in court.

The defendant Charles T. Bisch & Son, Inc., (hereinafter referred to as Bisch) filed a cross-claim in which it alleges that it also conducted the funeral of the defendant Mencke's mother, Em-

ma Peebles, who died on March 11, 1960. It prays that it also be paid its expenses and charges in connection with this funeral, $611, out of the fund, or that, in the alternative, judgment be entered in its favor against the defendant Mencke. The matter is before the court now on Mencke's motion to strike the cross-claim for lack of jurisdictional amount.

■ Rule 13(g), F.R.Civ.P., 28 U.S.C., permits cross-claims by one party against a co-party "arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein, or relating to any property that is the subject matter of the original action". A cross-claim maintainable under this rule may be considered ancillary to the main claim and need not have an independent jurisdictional basis. Coastal Airlines v. Dockery, 8 Cir., 1950, 180 F.2d 874; Mayer v. Chase National Bank of City of New York, D.C.S.D.N.Y.1958, 165 F. Supp. 287. The inquiry, therefore, narrows to the question whether the claim for funeral expenses of Emma Peebles meets the requirements of Rule 13(g), that is, whether it arises out of the same transaction which is the subject matter of the complaint.

■ In interpleader actions, the subject matter is the fund, thing, or duty to which the parties made adverse claims. Bank of Neosho v. Colcord, D.C.W.D.Mo. 1949, 8 F.R.D. 621. Both defendants claim to be entitled to the fund because of certain actions taken by the insured, but the cross-claim bears no relation whatever to this fund or to the actions of Elizabeth Nees. According to Bisch's pleading it arose out of a separate agreement with Mencke which was secured by a separate life insurance policy on the life of Emma Peebles. The only connection between it and the main claims is that both involve funeral expenses and that the decedents were related. That is not enough even under the liberal interpretation in reference to Rule 13(a), which uses the same language as 13(g), in United Artists Corp. v. Masterpiece

Productions, 2.Cir., 1955, 221 F.2d 213, 216, where the court held the Rule to require "not an absolute identity of factual backgrounds for the two claims, but only a logical relationship between them".

The motion to strike the cross-claim is allowed.