WILLIAM B. STRONG, trustee, *vs.* STONEHAM CO-OPERATIVE BANK & others. May 3, 1974. In his bill for declaratory relief the plaintiff seeks to have first mortgages held by the defendant bank of three parcels of land subordinated to the plaintiff's junior mortgages. Details of the bank's mortgages are to be found in *Strong* v. *Stoneham Co-op. Bank,* 357 Mass. 662 (1970), to which the present plaintiff, the father of the plaintiff named in the earlier case, was not a party. The plaintiff appeals from a final decree declaring that the bank's title acquired by sales in foreclosure proceedings (begun but not completed prior to the commencement of this suit) is not subject to rights of the plaintiff. (1) The plaintiff's contention that the bank forfeited its priority by refusing to accept partial payments of arrears due on notes secured by the three mortgages is based upon the erroneous supposition that the bank was required to accept payments in arrears by virtue of the provisions of G. L. c. 170, § 24, cl. 10. That paragraph which provides that a loan "may be repaid at any time in full or in part" applies not to arrears but to anticipatory payments. The interpretation urged by the plaintiff would vitiate the option given the bank in G. L. c. 170, § 24, cl. 11, to foreclose upon the occurrence of an arrearage (unless of course tender of the arrears by the mortgagors was made before the bank excercised its election to foreclose, *Wilshire Enterprises, Inc.* v. *Taunton Pearl Work, Inc.* 356 Mass. 675, 678 [1970]). (2) The priorities were not affected by the agreements to increase the interest rates payable under two of the three notes entered into by the bank and the mortgagors prior to the commencement of the foreclosure proceedings. Those agreements were binding on the parties thereto. G. L.

c. 170, § 24, cl. 8. We need not decide whether they were valid against nonconsenting junior encumbrancers of whom the bank had actual or constructive notice (compare *Guleserian* v. *Fields*, 351 Mass. 238, 241-242 [1966]) since there was no evidence that the bank had such notice. While it appears that the junior mortgages were recorded before the amendatory agreements had been made, the recording of those mortgages was not constructive notice of their existence to the mortgagee under the first mortgages. See *George* v. *Wood*, 9 Allen 80, 83-84 (1864); *Dixon* v. *Smith*, 181 Mass. 218, 221 (1902); *Clarke* v. *Cowan*, 206 Mass. 252, 255 (1910). Cf. *Hardy* v. *Beverly Sav. Bank*, 175 Mass. 112, 113-114 (1900).

> *Final decree affirmed with costs*
> *of appeal.*

*Joseph M. Cohen* for the plaintiff.

*Alfred C. Walton* (*Kenneth A. Currie* with him) for Stoneham Co-operative Bank.