PATRICIA ANNE SWOBODA STAPLES TRUE *vs.* EDWARD
A. WISNIOWSKI.

Hampden. January 8, 1982. — May 5, 1982.

Present: GRANT, DREBEN, & KASS, JJ.

*Attachment. Real Property,* Attachment, Recording of judgment.

Where a wife who had obtained a judgment of divorce ordering her hus-
band to convey to her his interest in certain real estate did not record
the judgment until after a creditor had attached the husband's interest
in the property, the interest which the creditor acquired by the attach-
ment was not defeated by the judgment of divorce. [502-503]

CIVIL ACTION commenced in the Hampden Division of the
Probate and Family Court Department on September 5,
1978.

The case was heard by *Rodgers, J.,* on motion for sum-
mary judgment.

*Victor Rosenberg,* for the defendant, submitted a brief.

DREBEN, J. The plaintiff brought this action against a
creditor of her former husband, seeking removal of an at-
tachment on real estate originally owned by the plaintiff
and her former husband as tenants by the entirety. Based
on a stipulation of the parties, a judge of the Probate Court
allowed the plaintiff's motion for summary judgment and
ordered the creditor to discharge the attachment. We re-
verse, as there is nothing in the stipulation which entitles
the plaintiff to a discharge.

The stipulation was entered "for the purpose" of the
plaintiff's motion for summary judgment and sets forth the
following facts. On July 29, 1976, the plaintiff was granted
a judgment of divorce nisi which became absolute on Janu-
ary 30, 1977. The July 29, 1976, judgment ordered the hus-
band to convey to the plaintiff his interest in the real estate

located at 92 Hudson Street "in lieu of alimony past, present and future." The husband failed to make the conveyance as ordered.

On September 20, 1976, the defendant creditor attached all the interest of the husband in any real estate in Hampden County pursuant to a writ of attachment approved in the District Court of Springfield. The plaintiff "was not a party to the . . . District Court action." The defendant "did not have actual knowledge of the terms of [p]laintiff's [d]ivorce decree at the time of the attachment."

On April 19, 1978, the judgment of divorce nisi was recorded in the Hampden County registry of deeds. The stipulation also states that the plaintiff now seeks to remortgage the real estate but is prevented from doing so because of the attachment.

The plaintiff now owns the property by virtue of G. L. c. 208, § 34A, as amended through St. 1975, c. 400, § 34, set forth in the margin,[1] but because she did not record her judgment until April 19, 1978, she cannot, on the record before us, defeat the defendant's attachment.

As pointed out recently in *Debral Realty, Inc.* v. *Di-Chiara*, 383 Mass. 559, 560 (1981), at common law, "the mere existence of litigation involving title to real property was deemed constructive notice to the world" so that anyone who obtained an interest in the disputed property while the action was pending was bound by the judgment ultimately obtained. The "harsh effects" of that rule were tem-

---

[1] "Whenever a judgment for alimony shall be made in a proceeding for divorce directing that a deed, conveyance or release of any real estate or interest therein shall be made such judgment shall create an equitable right to its enforcement, subject to the provisions for recording of notice in section fifteen of chapter one hundred and eighty-four, in the party entitled thereto by the judgment, and if the judgment has not been complied with at the time the judgment of divorce becomes absolute, and is thereafter recorded in the manner provided by section forty-four of chapter one hundred and eighty-three, then the judgment itself shall operate to vest title to the real estate or interest therein in the party entitled thereto by the judgment as fully and completely as if such deed, conveyance or release had been duly executed by the party directed to make it."

pered by G. L. c. 184, § 15. *Id.* at 560-561. The equitable rights created under G. L. c. 208, § 34A, which are the basis of the plaintiff's claim are expressly made "subject to the provisions for recording of notice" in c. 184, § 15. See note 1, *supra.* As explained in *Debral,* "Under [G. L. c. 184, § 15], the judgment of the court in litigation affecting real property is no longer binding on those acquiring an interest in the property unless a memorandum of lis pendens was filed in the registry of deeds before the acquisition . . . ." *Id.* at 561. Since the recording of the judgment nisi occurred on April 19, 1978, which was after the defendant's attachment, the interest the defendant acquired as a creditor was not defeated. See *Kahler* v. *Marshfield,* 347 Mass. 514, 516 (1964) ("attaching creditors are in the position of purchasers for value"); *General Builders Supply Co.* v. *Arlington Coop. Bank,* 359 Mass. 691, 696-697 (1971). There is, therefore, nothing in the stipulation which entitles the plaintiff to summary judgment in her favor.

No question as to the validity of the attachment, apart from the effect of the probate proceedings, is before us. We also have no occasion to consider the sufficiency of the stipulation as to lack of knowledge by the defendant, see *Debral, supra* at 561 n.5, or the relation of G. L. c. 223, § 114, to equitable relief in the Probate Court. See *Itek Corp.* v. *McEnness,* 340 Mass. 409, 413 (1960). See also *Foster* v. *Evans,* 384 Mass. 687, 698 n.3 (1981).

*Judgment reversed.*