Larkin, J.
This is an appeal from an action for the return of a deposit of $7,270.00 paid on the signing of a purchase and sale agreement. The plaintiffs-appellants (hereinafter the "Buyers”) contend that “reasonable efforts” were exercised to obtain financing and accordingly, under the terms of an agreement, demand the return of their deposit. The defendant-appellee (hereinafter the “Seller”) contends that the Buyers failed to exercise reasonable efforts to obtain financing.
The Trial Court held that: (1) the Buyers failed to make “a ‘good faith’ effort to obtain a first mortgage loan” and (2) “the forfeiture of the deposit was a reasonable liquidated damage provision.”
The first issue presented for us is whether the Buyers did indeed use “diligent efforts” to obtain financing as required by the purchase and sale agreement.
It is now well settled that “(w)hat constitutes diligent efforts presents a question of law.” Lynch v. Andrew, 20 Mass. App. 623, 481 N.E. 2d 1383, 1385 (1985). “ ‘(S)ubject to financing’ clauses in purchase and sale agreements impose on the buyer a duty to use reasonable efforts to secure requisite financing.” Sechrest v. Safiol, 383 Mass. 568, 419 N.E. 2d 1384, 1386 n.4 (1981).[2]
Here, the relevant portion of the purchase and sale agreement provided that: “If the Buyer is unable to obtain a new first mortgage for $80,000.00 at 9 percent for 30 years, all deposits are to be returned and all parties discharged.” At the request of the Seller two (2) additional handwritten provisions were added to the agreement providing for: (1) “forfeiture of the deposit on failure to perform by June 1, 1987” and (2) “an offer to extend the time for performance for an additional 30 days should the Buyer request it.”
The record discloses that the purchase and sale agreement was signed on March 1,1987. The Buyers perfected only one (1) loan application. In late May 1987, the Buyers applied for a $140,000.00 “bridge loan” (i.e. a refinancing of the mortgage on their present home and a mortgage on the home to be purchased). The application was denied on May 28,1987. Nothing further was done to secure financing. On this record we agree with the trial judge that this *105 solitary application “was not a good faith effort to obtain a first mortgage loan of $80,000.00”
The second issue is whether the purchase of the Seller’s home was contingent upon the sale of the home that the Buyers occupied.
The facts as found by the trial judge — and amply supported by the record — indicate that no such contingency was inserted in the agreement. Both parties to the agreement were “involved in real estate.” The Buyer is a “licensed real estate salesperson,” and the Seller is “a speculator in real estate.” They were sophisticated individuals vis a vis the vagaries of the real estate market. If the Buyers intended to make the purchase of the Seller’s home contingent upon the sale of their own home, the Buyers should have insisted that this contingency be written into the four corners of the instrument.
The third issue is whether the forfeiture of the $7,270.00 deposit was a reasonable liquidated damages provision.
‘The option of the seller to retain the buyer’s deposit as liquidated damages (as an alternative to specific performance) is.. .the common practice in Massachusetts conveyancing ." Lynch v. Andrew, 20 Mass. App. 623, 481 N.E. 2d 1383, 1386 (1985). And, again, in the context of this record the trial judge did not err in concluding that the forfeiture was reasonable. “It has been the rule in Massachusetts that contract provisions which clearly and reasonably establish liquidated damages should be enforced if not so disproportionate to the losses and expenses caused by the.. .breach as to constitute a penalty.” Lynch v. Andrew, 20 Mass. App. 623, 481 N.E 2d 1383, 1386 (1985).
There was no error. Judgment for the Defendant (Seller) is affirmed and the Report is dismissed. It is so ordered.

 “Where the (financing) contingency clause specifies the size of the loan ($80,000) the purchaser (Buyer) is to procure, as well as its term (30 years) and rate of interest (9%), the attorney representing the purchaser (Buyer) must demonstrate that efforts failed to secure a loan on these specific terms.” See 78 A.L.R. 3d 885 (1977) (emphasis added).