Hurley, J.
The plaintiffs brought suit to recover a deposit paid pursuant to an agreement to purchase residential real estate. In their two count complaint againstthe *106 sellers, Nicholas Peters and Dinyse Peters, and ERA Hamil Realtors, the plaintiffs allege that they complied with a mortgage contingency clause in the purchase and sale agreement. The defendants (Peters) deny that the plaintiffs complied with the contingency provision and by counterclaim seek specific performance and retention of the deposit. After trial, the trial judge found for the plaintiffs in counterclaim (Peters) and awarded the deposit to them. This appeal focuses on whether the Levines made appropriate effort to obtain mortgage financing in satisfaction of the contingency in the purchase and sale agreement
After negotiations the parties executed a purchase and sale agreement, in usual form, including a mortgage contingency clause providing that
In order to help finance the acquisition of said premises, the buyer shall apply for a conventional bank or other institutional mortgage loan of $173,600 at prevailing rates and terms. If despite the Buyers’ diligentefforts, a commitment for such a loan cannot be obtained on or before September 25,1989, the Buyer may terminate this Agreement by written notice to the Seller and/or Broker as agent for the Seller, prior to the expiration of such time, whereupon any payments made under this Agreement shall be forthwith refunded and all obligations of the parties hereto shall cease and this Agreement shall be void without recourse to the parties hereto.
After further negotiations the amount of the loan was reduced to $168,750 and an extension to October 8,1989 to satisfy the financing contingency was added.
In addition, the purchase and sale agreement contained familiar default language:
If the buyer shall fail to fulfill the buyer’s agreement herein, all deposits made hereunder by the buyer shall be retained by the seller as liquidated damages and this shall be the seller’s sole and exclusive remedy at law or in equity for any default by the buyer under this agreement
About one month after executing the purchase and sale agreement, the buyers (Levines) contacted a local mortgage broker in order to secure the necessary financing. They completed a mortgage application. At a later date, the mortgage broker suggested a new purchase and sale agreement changing the purchase price from$217,000to $225,000 and reducing the financing contingency amount to $168,^750. In addition, the mortgage broker suggested the sellers pay $8,000 toward the closing costs. These changes would result in the transaction appearing as though the buyers made a 25% down payment rather than the original 20% down payment. All these suggestions were agreed to by the parties. The buyers called two banks and submitted one loan application but did not attempt to seek any other financing. On October 6, 1989 the buyer was informed that their mortgage was approved on condition that their current property be under agreement of sale. That property was not under agreement The Levines notified the real estate broker in writing that they could not obtain the necessary financing, terminated the agreement and made demand for the return of their $10,000 deposit and interest. During the negotiations preceding the execution of the purchase and sale agreement, attempts to have this agreement subject to the sale of their current home were rejected by the sellers.
In his “Findings of Fact, Rulings of Law and Order,” the trial judge found that the buyers (Levines) made only one application for financing. The judge found that they breached their obligation to seek a mortgage loan in a diligent manner.
The financing contingency clause at issue in this case is the same as the clause reviewed in Lynch v. Andrew, 20 Mass. App. Ct. 623 (1985). In Lynch, the trial judge found that making only one loan application did not amount to diligent effort. “Whether the buyers acted diligently is a factual question, the determination of which is entitled to the customary appellate deference. Mass. R. Civ. P., Rule 52(a), 365 Mass. 816 (1974). C.C. & T. Constr. Co. v. Coleman Bros., 8 Mass. App. Ct. 133, 135 (1979)."
In Stocks v. Kennedy, 1989 Mass. App. Div. 104, the Appellate Division, Western District, dismissed a report claiming that the trial judge was in error in determining *107 that one perfected loan application did not amount to “diligent efforts.” The buyer had not used reasonable efforts to secure the financing as he is obligated to do pursuant to “subject to financing” clauses in purchase and sale agreements. Sechrest v. Safiol, 383 Mass. 568 (1981).
The financing contingency reviewed in DeWolfe New England v. Tich, and others, 1989 Mass. App. Div. 182, required reasonable and diligent efforts by the buyers to secure the required financing. The Appellate Division, Northern District, dismissed the report observing that the reported evidence of the buyers’ efforts to obtain financing coupled with a preliminaiy conditional approval of the financing some two and one half weeks prior to the termination date of the mortgage contingency clause supported the finding in favor of the return of the deposit to the buyers.
All of the requests for rulings denied by the trial judge begin with the language, “the evidence requires.” Subsequent appellate review is restricted to a consideration of whether the finding can be sustained upon a reasonable review of the evidence presented at trial. According the customary appellate deference to the court’s finding, we determine that the finding in favor of the sellers (Peters) is amply supported by the reported evidence. The evidence reported did not require a finding for the buyers (Levines) as a matter of law.
Report dismissed.