Hurley, J.
The plaintiff commenced this action by filing a complaint in the nature of an interpleader seeking declaratory relief concerning the disbursement of funds received in escrow pursuant to a purchase and sale agreement between the defendants Stephen and Phyllis Ruback (sellers) and Anup K. Singh and Rekha Singh (buyers).[2]
After trial, the judge found that the Singhs and Rubacks agreed on the terms of a purchase and sale agreement for the residence in Canton owned by the Rubacks. A deposit of $11,000 was held in escrow by the plaintiff. The agreement contained a mortgage contingency clause pursuant to which the Singhs agreed to use “... diligent efforts...” to obtain a mortgage commitment on or before June 1,1988 for a mortgage loan of $252,000 payable in no less than 30 years, at an interest rate not to exceed prevailing rates. In addition, clause 26 of the agreement contained the following provision: “In no event will the Buyer be deemed to have used diligent efforts to obtain such commitment unless the Buyer submits a complete mortgage loan application.” The agreement provided as well that if the Singhs were unable to obtain such a loan, despite diligent efforts, they could terminate the agreement and receive a full refund of their deposit by giving written notice to the Rubacks or their broker on or before June 1,1988. Subsequent to executing the agreement, the Singhs duly applied for a mortgage at BankEast Mortgage Corporation. On May 18,1988they were notified by BankEast that their application had been denied. On May 20,1988 the Singhs gave notice of termination of the agreement due to the denial of their mortgage loan application due to excessive obligations and insufficient funds. The Singhs did not apply for a mortgage from another lending institution nor did they apply for a bridge loan. The judge found in favor of the Singhs..
The Rubacks presented the trial judge with three requests for rulings of law in addition to a number of requests for proposed findings of facts. The judge denied requests one and two, viewing request number two as a request for a finding of fact. They challenge the judge’s action on the requests by arguing that the facts as found *128 by the judge require a determination as a matter of law that the perfecting of one loan application does not constitute diligent efforts. In his denial of request number one, the trial judge referred to clause 26 in the purchase and sale agreement. That clause provides that “ (I) n no event will the Buyer be deemed to have used diligent efforts to obtain such commitment unless the Buyer submits a complete mortgage loan application.” The judge found that the Buyer did so comply with clause 26. The defendants reason that the judge relied on this language to support his determination that the filing of one mortgage application fulfilled the due diligence requirement
“Whether the buyers acted diligently is a factual question, the determination which is entitled to the customary appellate deference.” Lynch v. Andrew, 20 Mass. App. Ct. 623 (1985). Based upon all of the evidence heard by the trial judge, including the fact that the Singhs’ mortgage application was denied because of excessive obligations and insufficient funds, additional mortgage applications may have met the same fate. There was no evidence reported showing that additional efforts by the Singhs would have produced sufficient financing.
In Levine v. Peters, 1991 Mass. App. Div. 105, we dismissed a report, sustaining a trial judge’s determination that a single mortgage application, in the context of the facts found by him in that case, did not amount to seeking a mortgage in a diligent manner. By inserting clause 26 in the agreement in this case, the parties defined diligent efforts to mean submission of the complete mortgage loan application. Such language was not included in the agreement in Levine. In addition, the facts in this case warrant a conclusion by the trial judge that further applications for financing would be futile.
Financing contingencies in purchase and sale agreements necessarily imply an obligation on the part of the purchaser to use reasonable efforts to satisfy the contingency. See Stabile v. McCarthy, 366 Mass. 399 (1957). “In each instance it is a question for the trier of the facts whether reasonable efforts have been exerted.” Supra at 404. The efforts made in this case were not preliminary nor incomplete. Apparently there was no ability of the Singhs to support the size of the mortgage needed to complete the purchase.
Based upon a review of the reported evidence we do not determine that the evidence was insufficient as a matter of law to sustain the judge’s finding that the Singhs had used diligent efforts to obtain the necessary financing.
The report is dismissed.

 No issue is raised by the parties concerning thejurisdicdonofthe District Court to hear such a clam. SeeG.L.c.218,§19. See PERLIN AND CONNORS, HANDBOOK OF CTVILPRACTICE IN THE MASSACHUSETTS DISTRICT COURT, Second Edition, §1.11.