WILLIAM A. JOHNSON *vs.* SUPERINTENDENT,
MASSACHUSETTS STATE POLICE.

Suffolk. November 3, 1993. - December 16, 1993.

Present: LIACOS, C.J., ABRAMS, NOLAN, LYNCH, & GREANEY, JJ.

*Superior Court. Injunction,* Superior Court.

Where the Boston Municipal Court had superior original jurisdiction pursuant to G. L. c. 22C, § 13, with the power to issue a stay of a decision of the trial board of the Department of State police imposing disciplinary sanctions on a State trooper, there was no basis for a Superior Court judge to exercise jurisdiction over the State trooper's action seeking a preliminary injunction to prevent the imposition of the disciplinary sanctions. [617-619]

CIVIL ACTION commenced in the Superior Court Department on September 24, 1992.

A motion for preliminary injunctive relief was heard by *Herbert Abrams*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Steven K. Berenson*, Assistant Attorney General, for the defendant.

*Thomas Kerner* for the plaintiff.

LYNCH, J. This is an appeal from a Superior Court order granting the plaintiff's request for a preliminary injunction. The defendant argues that the Superior Court lacked the subject matter jurisdiction to issue the injunction.

The relevant facts are not in dispute. The plaintiff, Trooper William A. Johnson of the Massachusetts State Police, was charged with three violations of "Rules and Regulations for the Government of the Massachusetts State Police."

Pursuant to G. L. c. 22C, § 13 (1992 ed.),[1] a trial board (board) of the Department of State Police (department) held an evidentiary hearing on September 15, 1992, and found against Trooper Johnson on all three charges. The board recommended sanctions[2] and the colonel of the department approved the findings and disciplinary sanctions of the board.

As provided in G. L. c. 22C, § 13, the plaintiff filed an action in the Boston Municipal Court seeking judicial review of the department's decision. The plaintiff also filed this action in the Superior Court seeking a preliminary injunction to prevent imposition of the disciplinary sanctions. After a hearing on October 5, 1992, a Superior Court judge issued an order staying the disciplinary sanctions pending resolution of the plaintiff's action in the Boston Municipal Court. The defendant asserts that the Superior Court lacked the subject matter jurisdiction to issue the stay. The plaintiff asserts that, absent a stay by the Superior Court, the remedy afforded by G. L. c. 22C, § 13, is inadequate, because injunctive relief is not available in the Boston Municipal Court. We conclude that, since injunctive relief was available in the Boston Municipal Court, it was error for the Superior Court judge to assume jurisdiction.

The plaintiff filed his Superior Court action under the erroneous belief that the District Court lacked the power to issue a stay of the board's decision. Although the District Courts do not possess general equity powers, the Legislature may confer equitable powers on them. Cf. *Police Comm'r of*

---

[1]General Laws c. 22C, § 13 (1992 ed.), provides in pertinent part: "Any uniformed member of the state police who has served for one year or more and against whom charges have been preferred shall be tried by a board to be appointed by the colonel or, at the request of the officer, may be tried by a board consisting of the colonel. Any person aggrieved by the finding of such trial board may within sixty days after being notified thereof, bring a petition in the district court within the judicial district of which he resides, or in the municipal court of the city of Boston .... asking that the action of the department trial board be reviewed by the court . . . ."

[2]The board recommended forfeiture of four days of vacation time and transfer from Trooper Johnson's current troop assignment at Logan Airport to a different troop.

*Boston* v. *Municipal Court of the Dorchester Dist.*, 374 Mass. 640, 666 (1978) (lack of general equity jurisdiction irrelevant in light of powers granted by statute as to matters involving juveniles).

Legislative grants of jurisdiction must be "articulated expressly or be capable of being deduced by 'necessary and inevitable' implication." *Police Comm'r of Boston* v. *Municipal Court of the Dorchester Dist., supra* at 663, quoting *Mountfort* v. *Hall,* 1 Mass. 443, 457 (1805). General Laws c. 22C, § 13, is silent with respect to the availability of injunctive relief in the District Court. General Laws c. 30A, § 14 (1992 ed.), the State Administrative Procedure Act (act), however, provides that, where the statutory form of review is silent with respect to judicial review or appeal, the procedural provisions of the act shall dictate.[3] Section 14 (3) of the act specifically confers the power to stay an agency decision on the reviewing court, in this case the Boston Municipal Court: "[T]he reviewing court may order a stay upon such terms as it considers proper." Thus, pursuant to the act, the Boston Municipal Court had the power to issue a stay of the board's decision and, as a result, the plaintiff's contention that the remedy provided by G. L. c. 22C, § 13, is inadequate is without merit.

Although the Superior Court has "original jurisdiction of all civil actions, except those of which other courts have exclusive original jurisdiction," G. L. c. 212, § 4 (1992 ed.), jurisdiction for review of the board proceedings was granted only to a District Court or the Boston Municipal Court by G. L. c. 22C, § 13. The District Courts are "courts of superior and general jurisdiction with reference to all cases and matters in which they have jurisdiction." *Police Comm'r of Boston* v. *Municipal Court of the Dorchester Dist., supra* at

---

[3]General Laws c. 30A, § 14 (1992 ed.), provides in pertinent part: "Where a statutory form of judicial review or appeal is provided such statutory form shall govern in all respects, except as to standards for review. . . . Insofar as the statutory form of judicial review or appeal is silent as to procedures provided in this section, the provisions of this section shall govern such procedures."

666, quoting G. L. c, 218, §. 4. Therefore, since the Boston Municipal Court had superior original jurisdiction with the power to issue a stay of the board's decision, there was no basis for the Superior Court judge to exercise jurisdiction over the plaintiff's petition for equitable relief. The request should have been dismissed. The order of the Superior Court, enjoining the defendant from transferring the plaintiff or imposing any other form of discipline pending a final decision by the Boston Municipal Court of the plaintiff's petition for review, is hereby vacated.

*So ordered.*