Coven J.
This is an action in interpleader brought by First Colonial Bank for Savings to determine who is entitled to certain surplus funds resulting from a mortgagee’s sale of real estate. The defendants-in-interpleader, Robert H. and Sherrell L. Bergeron ("the Bergerons”), have appealed the allowance of a motion for summary judgment on behalf of Ford Consumer Finance Co., Inc. (“Ford”).
The Bergerons executed a mortgage to First Colonial Bank for Savings, formerly the Lynn Five Cents Savings Bank, and subsequently executed a second mortgage to Ford Motor Credit Company, now held by Ford. On December 6,1990, the Bergerons filed a petition for relief under Chapter 7 of the United States Bankruptcy Code, which petition acknowledged Ford’s mortgage and secured lien on the Bergerons’ property. The United States Bankruptcy Court, District of Massachusetts, determined that the secured debts of the Bergerons far exceeded the value of their assets, and declared the estate of the debtors to be a no-asset estate. The Bergerons were discharged in bankruptcy on May 10,1991.
Subsequent to this discharge order, the Bergerons made several payments to Ford on the mortgage debt, but eventually defaulted on that mortgage. The balance due to Ford at the time of default was $70,228.98.
On May 6,1992, First Colonial conducted a foreclosure sale of the property. The auction resulted in surplus proceeds of $30,000.00, which funds are the subject matter of this litigation. First Colonial brought this action in interpleader to determine entitlement to the surplus funds. On cross-motions for summary judgment, the trial court granted summary judgment on behalf of Ford and denied the Bergerons’ motion.[2]
The Bergerons argue that they are entitled to the surplus funds at issue on the theory that the foreclosure of the property by the first mortgagee extinguished the second mortgage of Ford, leaving Ford with only an unsecured claim. The Bergerons *229 further contend that with only an unsecured claim, Ford is left solely with an action against them personally, which claim was extinguished because of the discharge order of the Bankruptcy Court.
Contrary to the Bergerons’ argument, a valid secured lien passes through bankruptcy unaffected and remains enforceable in rem after the debtor’s discharge. Dewsnup v. Timm, 112 S.Ct. 773, 778 (1992); In Re Stern, 55 B.R. 15, 17 (Bkrtcy. D. Mass. 1984); 3 COLLIER ON BANKRUPTCY, Par. 524.01 at524-14-16 (15th Ed. Supp. 1983). Exceptions to this general rule of bankruptcy are where the lien is disallowed as a secured claim, 11 U.S.C. §§502 (e), 506 (d), or where the lien is subject to challenge under one of the numerous avoiding provisions, 11 U.S.C. §§522®, 544, 545, 547, 548 and 549. None of these exceptions applied in the Bergerons’ bankruptcy case.
The discharge in bankruptcy extinguished only one mode of enforcing the claim of Ford as the second mortgage; i.e., an action against the debtors, the Bergerons, in personam, while allowing an action against them in rem. 11 U.S.C. §701 et. seq.; Johnson v. Home State Bank, 111 S.Ct. 2150, 2154 (1991). In interpleader actions such as the present case, the subject matter of the action is the surplus funds to which the parties make adverse claims. Degree of Honor Protective Assoc. v. Charles T. Bisch & Son, Inc., 194 F. Supp. 614, 615 (D. Mass. 1961).
The allowance of a bankruptcy discharge does not prevent creditors from pursuing post-discharge enforcement of a valid lien on property of the debtor which existed at the time the petition was filed. 11 U.S.C. §§524 (a), 727. As the lien of Ford survived the discharge order, the secured creditor could take any appropriate action to execute the lien, other than an in personam action against the debtor, including an in rem action against the debtors’ property. Dewsnup v. Timm, supra at 778; In Re Richards, 151 B.R. 8 (Bkrtcy. D. Mass. 1993); In Re Paul, 67 B.R 342 (Bkrtcy. D. Mass. 1986).
The discharge of the Bergerons in bankruptcy, being personal to them as debtors, did not act to release the liens for security interests in the property owned by them. The discharge of the mortgagors’ personal debt only extinguished the creditor’s right to proceed in personam against the debtors and did not extinguish the right to proceed in rem as to the mortgage for which the creditor had a secured lien. 11 U.S.C. §§522(c) (2), 524(a) (1); Dewsnup v. Timm, supra at 778; Johnson v. Home State Bank, supra at 2154. See also, Nobleman v. American Savings Bank, 968 F.2d 483 (5th Cir. 1992) (similar analysis with regard to the allowance of discharge petitions in Chapter 13 bankruptcy proceedings).
As Ford’s secured lien has survived the discharge order, the nature of Ford’s claim is against the surplus foreclosure sales proceeds and not against the Bergerons in personam. When the property at issue was sold at foreclosure by the first mortgagee, the second mortgagee or junior lienholder held an equitable lien which was transferred to any surplus proceeds after the foreclosure sale. Knowles v. Sullivan, 182 Mass. 318, 319 (1902); Wiggin v. Heywood, 118 Mass. 514 (1875). By virtue of the foreclosure sale, Ford, as the second mortgagee, acquired the equitable interest in the lien title. Knowles v. Sullivan, supra at 319. In such cases, the surplus proceeds are held as trust property for the benefit of any junior lienholder as the only party in interest. Dennett v. Perkins, 214 Mass. 449, 451 (1913).
While the foreclosure of the senior mortgage would discharge junior liens, the interest of the junior lienor in the proceeds is not extinguished. That party has an interest in the proceeds of the sale and is entitled to any surplus to the extent of that interest in trust. Pioneer Credit Corporation v. Bloomberg, 323 F.2d 992, 993 (1st Cir.1963). Pursuant to G.L.c. 183, §27, Ford is entitled to “all sums then secured by the mortgage, whether then or thereafter payable,” even if the foreclosure sale was initiated by a senior mortgagee. Id. at 994.
Under G.L.c. 183, §27, Ford, as the “successor and assign” of the Bergerons, has an equitable interest in the surplus proceeds of the foreclosure sale which has priority over that of the Bergerons. As the amount received at the foreclosure sale was more than sufficient to satisfy the first mortgage, the surplus became payable to the junior *230 incumbrancer who succeeded to the rights of the mortgagors. Pilok v. Bednarski, 230 Mass. 56, 58 (1918).
There being no error, the report is dismissed.

 While the Bergerons suggest that summary judgment could not be granted because Ford failed to file any affidavits in support of its motion for summary judgment, the court was free to determine if the Bergerons were entitled to judgment as a matter of law under any set of facts based onthe pleadings, depositions, answers and admissions on file, togetherwith any affidavits. See Dist./Mun. Cts. R. Civ. P., Rule 56; Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).