Greco, J.
This is a personal injury action brought by a minor child against the City of Everett. The trial court allowed the defendant’s Mass. R Civ. R, Rule 12 (b) (6), motion to dismiss, and the plaintiff has appealed pursuant to Dist./Mun. Cts. R A. D. A., Rule 8A
The plaintiffs complaint, brought under G.L.c. 258 (the “Massachusetts Tort Claims Act”), alleged that the child was injured when a “memorial pole” erected by the City on City property fell on her without warning. In moving to dismiss, the City argued that: (1) this was essentially a suit to recover for bodily injury caused by “a detect or want of repair ... in or upon a [public] way” which was required to have been brought under G.L.c. 84, §15; and (2) as the plaintiff failed to give the notice required for such a suit by G.L.c. 84, §18, the suit had to be dismissed. It is undisputed that no notice was ever given which would have complied 'with §18, if applicable.
While, in dismissing the case, the trial court apparently agreed that this was an action under G.L.c. 84, we need not address that issue. The reason is that the complaint was brought pursuant to the Tort Claims Act, which the plaintiff steadfastly maintains is the statutory basis upon which she is proceeding. That being the case, the action must be dismissed because a District Court has no jurisdiction over such an action.
“Courts and other adjudicatory bodies have both the power and the obligation to resolve problems of subject matter jurisdiction whenever they become apparent, regardless whether the issue is raised by the parties.” The Nature Church v. Board of Assessors of Belchertown, 384 Mass. 811, 812 (1981). See generally Karhowski v. Bradstate Assoc., Inc., 25 Mass. App. Ct. 526, 527 (1988); St. Mary’s Credit Union v. Mavretic, 1999 Mass. App. Div. 159, 160. “When jurisdiction is lacking, it ‘cannot be conferred by consent, conduct or waiver.’” Jamgochian v. Dierker, 425 Mass. 565, 567 (1997), quoting from Litton Business Sys., Inc. v. Commissioner of Revenue, 383 Mass. 619, 622 (1981).
Jurisdiction is lacking here. General Laws c. 258, §3 provides that “[t]he superior court shall have jurisdiction of all civil actions [under c. 258],” except for actions brought against a housing authority pursuant to G.L.C. 218, §§21-25. In the courts of this Commonwealth, such jurisdiction in the Superior Court is exclusive. See Harker v. Holyoke, 390 Mass. 555, 557-558 (1983); O’Hanley v. Gloucester, 1993 Mass. App. Div. 119, 120. See also Hayes v. Orleans, 39 Mass. App. Ct. 682, 684-685 (1996) (possible Federal Court pendant jurisdiction over G.L.c. 258 claim against municipality).
Accordingly, the trial court's judgment for the defendant on its Rule 12(b) (6) *284 motion to dismiss is hereby vacated. Judgment is to enter dismissing this case for lack of subject matter jurisdiction.
So ordered.