Merrigan, J.
The Defendant Riverside Leasing and Sales (Riverside) appeals pursuant to Dist/Mun. Cts. R.A.D.A, Rule 8C, from a judgment of the trial court in favor of the Plaintiff Steven J. Mantha
The underlying facts are as follows:
In March 1997, Mantha went to Riverside to purchase an automobile. The salesman told Mantha about a 1990 Buick LeSabre that would soon be available after peeling paint on the hood was touched up. Within a few days, Mantha decided to purchase the Buick for a price of $7,995. The transaction was completed on April 9, 1997. On the purchase agreement, Mantha initialed the language that stated, “This automobile has had some paint and body repair prior to the purchase.” Riverside gave the title to Mantha which conspicuously stated, “RECONSTRUCTED PRIOR COLLISION.” The salesman explained that this meant that the vehicle had a “minor acddent in the hack end, they fixed it up which is as good as new.” About two weeks later, Mantha contacted Riverside and said he wanted to cancel the transaction. Riverside refused. A c. 93A demand letter was sent on April 30,1997 and Riverside offered to take back the Buick and give Mantha credit toward another vehicle. Mantha did not accept this offer.
On November 24,1997, Mantha filed suit Riverside filed an answer on December 18,1997. At trial, Mantha presented expert testimony concerning the value of the reconstructed vehicle. In addition, evidence at trial included the facts and circumstances leading to the sale and the disclosure that the vehicle was reconstructed.
The judge ruled that the failure to disclose the reconstruction of the vehicle until Mantha was presented with the motor vehicle title at the end of the transaction was an unfair and deceptive practice in violation of c. 93A The judge then ordered treble damages. The damages were calculated by the judge by using the purchase price of the motor vehicle as single damages and ordering that damages he trebled. The judge also ordered that Mantha return the vehicle to the dealer.
On appeal, Riverside asserts that in substance the court entered a judgment that rescinded the transaction. Riverside argues that the District Court does not have equitable power to grant such relief. We agree.
Absent express statutory authority conferring power to grant equitable relief, the District Court has no such authority. G.L.c. 218, §19 grants jurisdiction in civil cases only where money damages are sought “District Courts do not possess general equity powers....” Johnson v. Superintendent Mass. State Police, 416 Mass. 616, 617 (1993).
By using the purchase price as the measure of damages and by requiring the return of the motor vehicle to Riverside, the judgment had the effect of rescinding *80 the transaction. “[T]he judge ordered that the car be returned by the buyer [] to the seller [] after the money damages had been paid, in effect rescinding the sale. An order of this sort is an attempt to provide equitable relief.” Paquin v. Arruda, 1983 Mass. App. Div. 276, 277.
Although the evidence was sufficient to warrant a finding that the conduct of Riverside was in violation of c. 93A and although the evidence was arguably sufficient to justify the award of treble damages, it was error to order return of the motor vehicle and to then base the damage award on the total purchase price. Rather, damages would be the difference between the contract price and value of the vehicle as a reconstructed vehicle.
Riverside next argues that it was prejudiced by the refusal of the trial court judge to grant a continuance of the trial date, where the trial date had been scheduled byer parte action on Mantha’s Motion for Trial Date. With regard to this issue, the record shows the following. Mantha filed suit on November 24,1997. Mantha ¿so simultaneously filed an ex parte “emergency motion” for a speedy trial. This motion was denied without prejudice. On December 18,1997, Riverside filed an Answer.
Citing transportation hardships as a result of not having a motor vehicle, presumably because of the conduct of Riverside, Mantha filed a new Motion for Trial Date, requesting a trial date of March 24,1998. The certificate of service recites that the motion was faxed to opposing counsel on February 23, 1998. A copy of this motion is in the record appendix and it appears to show a handwritten endorsement indicating that it was allowed on February 23,1998, thereby setting March 24,1998 as the trial date. Interestingly, the docket entries show no action indicating the filing or existence of this motion nor any action by a judge. The absence of docket entries no doubt signifies nothing improper, but rather, merely bespeaks a likely scenario whereby Mantha’s counsel obtained impromptu ex parte action on his Motion for Trial Date.
The record indicates that shortly before trial, when counsel for Riverside realized that he needed more time to be ready for trial, he filed a motion to continue the trial date. Counsel for Riverside argued that a continuance should be granted because the trial had been set without his input, and, in turn, his opportunity to conduct pre-trial discovery was obviated. He argued that he was unable to prepare for trial because his client had been out of state until just before the trial date of March 24. He explained that his client had just returned, and as a result of his initial preparations, he could now assert that he needed more time to handle the case the way his client wished. The trial judge denied Riverside’s Motion for Continuance of Trial Date. Subsequently, at trial, Mantha presented expert testimony on the subject of reconstructed and salvaged motor vehicles and of the value of such vehicles. It is clear that this testimony was relied upon by the judge as the trier of fact in entering judgment against Riverside and in awarding treble damages under c. 93A, in the total amount of $33,311.72, including interest and costs.
“A motion for a continuance rests entirely within the discretion of the judge unless an abuse of discretion is shown.” Mowat v. DeLuca, 330 Mass. 711, 712 (1953). Here, there is nothing in this record that justifies ex parte action on Man-tha’s Motion for Trial Date. Without discovery, Riverside was unable to prepare for this evidence or have notice of its intended use so as to be able to call its own witness to refute or otherwise respond. It was necessary to decide Riverside’s Motion for Continuance of Trial Date with reference to the ex parte manner in which the trial date had been set in the first place, and the inevitable prejudice to Riverside as a result The record indicates that the trial judge who deified Riverside’s Motion for Continuance of Trial Date was not the same judge who had allowed Mantha’s Motion for Trial Date. We are constrained to conclude that the trial judge who denied Riverside’s Motion for Continuance of Trial Date did not appreciate the history of events in this case because, if she had, she would have no *81 doubt allowed Riverside’s Motion for Continuance of Trial Date.
Because there was no reason for the setting of a trial date by ex parte hearing, we conclude that denying Riverside’s Motion for Continuance of Trial Date was an abuse of discretion in light of the ex parte nature of what had transpired and the resulting prejudice to Riverside.
For these reasons, the judgment for Mantha will be reversed. The case is remanded for a new trial.